[Cite as *Williams v. Williams*, 2011-Ohio-1200.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MICHAEL WILLIAMS, ET AL | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiffs-Appellants | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| HAROLD WILLIAMS, ET AL | : | Case No. 2010-CA-0006 |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Morrow County Court of
Common Pleas, Case No. 2006-CV-315

JUDGMENT:                  AFFIRMED

DATE OF JUDGMENT ENTRY:      March 9, 2011

APPEARANCES:

For Plaintiffs-Appellants          For Defendants-Appellees

JAMES L. BLUNT, II             GRANT B. GARVERICK
105 Sturges Avenue            STEPHEN F. TILSON
Mansfield, OH 44903           126 S. Market Street
                                   Galion, OH 44833

*Delaney, J.*

{¶1} Plaintiffs-Appellants, Michael C. Williams and Roofing and Barn Repair Home Builders appeal the May 21, 2010 judgment entry of the Morrow County Court of Common Pleas.

## STATEMENT OF THE FACTS AND CASE

{¶2} In September, October, and November 2002, Defendants-Appellees, Harold and Jodie Williams entered into a series of contracts with Appellants for the construction of a home in the Candlewood Lake subdivision of Mount Gilead, Morrow County, Ohio. Harold Williams is the brother of Appellant, Michael C. Williams.

{¶3} The September 17, 2002 contract states that Appellants would construct a home, including a full basement, for Appellees for $120,000.00. The October 13, 2002 contract incorporates the September 17, 2002 contract and states the contract price was $120,000.00. The October contract outlines the draws for Appellants as they completed the stages of the work. The November 1, 2002 contract is a handwritten outline of the construction project and shows an estimate of $110,000.00 for the construction price.

{¶4} On April 11, 2003, Appellants filed a mechanics' lien against Appellees' property. The mechanics' lien affidavit states that Appellants are owed $27,000.00 for materials furnished for the improvement of the structure.

{¶5} On August 4, 2006, Appellants filed a complaint in foreclosure against Appellees on the mechanics' lien. Appellees filed an answer and counterclaim on September 28, 2006. In Appellees' counterclaim, Appellees alleged breach of contract, breach of warranty, violation of the Consumer Sales Practices Act, and assault.

{¶6}   Appellees filed a motion for judgment on the pleadings, motion for default judgment, and motion for summary judgment against Appellants.  Appellants filed a memorandum in opposition to Appellees' motions and filed a motion for leave to file an amended complaint on February 22, 2007.  In Appellants' amended complaint, Appellants claimed, in addition to their complaint in foreclosure on the mechanics' lien, breach of contract and breach of an oral agreement to repay a loan in the amount of $1,800.00.

{¶7}   The trial court ruled on the motions on January 27, 2009.  The trial court overruled Appellees' motions and granted Appellants' motion to amend their complaint.

{¶8}   The matter went to a bench trial on May 19, 2010.  Prior to the presentation of the evidence, Appellees withdrew their causes of action for assault against Appellant, Michael C. Williams.  At the close of Appellants' case, Appellees moved for a directed verdict pursuant to Civ.R. 50(A)(4) on Appellants' complaint in foreclosure and claims for breach of contract and breach of oral contract.  While on the bench, the trial court granted the motion and memorialized its decision with a judgment entry issued May 21, 2010.[1]  The trial court found that a contract existed for Appellants to construct a home for Appellees and the construction was not completed.  The trial court determined, however, that Appellants had failed to present sufficient evidence of Appellants' damages under the alleged breach of contract and Appellants' reliance upon the mechanics' lien affidavit was insufficient to establish Appellants' damages in a contested case.

{¶9}   It is from this decision Appellants now appeal.

---

[1] Appellees dismissed the remainder of their counterclaims based on the trial court's decision.

**ASSIGNMENT OF ERROR**

{¶10}  Appellants raise one Assignment of Error:

{¶11}  "I. THE TRIAL COURT ERRED BY SUSTAINING DEFENDANT'S OBJECTION ON PLAINTIFF'S INQUIRY INTO HOW THE AMOUNT OF THE MECHANIC'S LIEN WAS DETERMINED OR IN THE ALTERNATIVE NOT RULING THAT THE MECHANNIC'S (SIC) LIEN WAS THE AMOUNT OF THE DAMAGES."

**I.**

{¶12}  Appellants argue the trial court erred in its determination that Appellants failed to establish their damages or in the alternative, the trial court erred in not allowing Appellants to inquire into the value of the mechanics' lien.  We disagree.

{¶13}  Appellees moved for a direct verdict pursuant to Civ.R. 50(A)(4).  As an initial matter, we note that because this case involved a bench trial, the rule governing directed verdicts is not applicable.  *Lillibridge v. Tarman,* Coshocton App. No. 08CA0009, 2009-Ohio-2216, ¶ 49, citing *Jarupan v. Hanna,* 173 Ohio App.3d 284, 2007-Ohio-5081, 878 N.E.2d 66.  In a bench trial, a defendant seeking a favorable disposition after the close of the plaintiff's case must move to dismiss under the rule governing involuntary dismissal in non-jury actions.  *Id.*

{¶14}  Civ.R. 41(B)(2), which governs involuntary dismissal, provides in relevant part as follows: "After the plaintiff, in an action tried by the court without a jury, has completed the presentation of the plaintiff's evidence, the defendant * * * may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief.  The court as trier of the facts may then determine them and render

judgment against the plaintiff or may decline to render any judgment until the close of all the evidence."

{¶15} "In ruling upon a Civ.R. 41(B)(2) motion, it is the function of the trial court to review the evidence and the law. * * * In this respect, the trial court is not required to construe the evidence in favor of the non-moving party, but rather may weigh the evidence and render judgment. * * * Where plaintiff's evidence is insufficient to sustain plaintiff's burden in the matter, the trial court may dismiss the case." *Levine v. Beckman* (1988), 48 Ohio App.3d 24, 27, 548 N.E.2d 267. (Citations omitted).

{¶16} Appellant, Michael C. Williams testified on his claim for breach of contract and complaint in foreclosure on the mechanics' lien. Appellant Williams testified that the parties entered into multiple contracts for the construction of a home, the contract price varying from $110,000.00 to $120,000.00. Construction on the home was started and Appellant Williams testified that he had been paid approximately $78,000.00 for his construction of the home before Appellee, Harold Williams contacted him on March 30, 2003, and told him he was in breach of contract. (T. 15, 29).

{¶17} Counsel for Appellant Williams next introduced the affidavit for the mechanics' lien filed on April 11, 2003. (T. 30). Appellant Williams testified that he filed the mechanics' lien because he did not recover the money still owed from building the home. Id. Appellants' counsel asked the value of the mechanics' lien. Id. Appellees' counsel objected to the question, stating that the document spoke for itself as to the claimed amount of the lien and the witness could not conclude what the value of the lien was based on the affidavit. (T. 30-31). The trial court sustained the objection. (T. 31). There was no further testimony as to damages.

{¶18} Appellee, Harold Williams then testified on cross-examination. Appellee Williams testified that he paid Appellants $79,500.00 for the construction on the home. (T. 36). Appellants submitted their exhibits and rested their case. (T. 37). Appellees moved for directed verdict. (T. 39).

{¶19} Appellants' sole Assignment argues that the trial court erred when it (1) sustained Appellees' objection as to how the value of the mechanics' lien was determined or (2) failed to find that the affidavit for the mechanics' lien was value of the damages.

{¶20} "The purpose of the mechanics' lien law is to provide a contractor or material man with a means of obtaining a lien on real estate to secure a claim for labor performed or material supplied." *Thrush v. Thrush* (Apr. 26, 1988), Union App. No. 14-86-17, 1998 WL 40427. "A mechanics' lien (1) gives a materialman an interest in the property to secure payment for materials and (2) fixes the order of priority for that payment." *Portco, Inc. v. Eye Specialists, Inc.*, 177 Ohio App.3d 139, 2008-Ohio-3154, 894 N.E.2d 84, at ¶ 9. "Compliance with the statutory requirements for filing a lien is a prerequisite to obtaining a valid lien but the existence of a valid, legally enforceable claim is fundamental to the existence of the lien. Without a valid debt there is nothing to secure and the filing of a mechanics' lien is pointless." *Thrush*, supra.

{¶21} The mechanics' lien is separate from the underlying debt and therefore, it was Appellants' burden to establish the underlying debt through their claim for breach of contract. There is no authority for the proposition that the admission into evidence of the mechanics' lien affidavit is *per se* proof of the facts alleged in the affidavit. *Schlueter v. Shaheen* (Nov. 8, 1989), Hancock App. No. 5-88-27, 1989 WL 138133.

"Ohio courts have held that the elements for a breach of contract are that a plaintiff must demonstrate by a preponderance of the evidence (1) that a contract existed, (2) that the plaintiff fulfilled his obligations, (3) that the defendant failed to fulfill his obligations, and (4) that damages resulted from this failure." *Moore v. Adams*, Tuscarawas App. No. 2007AP090066, 2008-Ohio-5953, ¶ 22 citing *Circuit Solutions, Inc. v. Mueller Electric Company*, 9th App. No. 07CA009139, 2008-Ohio-3048; *Farmers Market Drive-In Shopping Centers v. Magana*, 10th App. No. 06AP-532, 2007-Ohio-2653; see also, *Spano Brothers Constr. Co., Inc. v. Adolph Johnson & Son Co.*, 9th App. No. 23405, 2007-Ohio-1427, at ¶ 12, citing *Lawrence v. Lorain Cty. Community College* (1998), 127 Ohio App.3d 547, 548-549; see, also, *Clair v. First Am. Title Ins.*, 9th App. No. 23382, 2007-Ohio-1681, at ¶ 12. "'[T]he general measure of damages in a contract action is the amount necessary to place the nonbreaching party in the position he or she would have been in had the breaching party fully performed under the contract.' *Allied Erecting & Dismantling Co., Inc. v. Youngstown* (2002), 151 Ohio App.3d 16, 31-32, 783 N.E.2d 523, citing *F. Enterprises, Inc. v. Kentucky Fried Chicken Corp.* (1976), 47 Ohio St.2d 154, 159, 351 N.E.2d 121.

{¶22} Appellants argued that Appellees failed to pay them the value of the work completed on the home. It was Appellants' burden to show the reasonable value of the labor and materials furnished in order to prove their damages. *Schlueter*, supra. The only evidence in the record of the value of Appellants' labor and materials was the attempt of Appellant Williams to recite the value stated on the affidavit for the mechanics' lien. Absent from the record is any separate evidence of Appellants' damages, before or after the trial court sustained Appellees' objection. The record

shows that the trial court did not forbid Appellants from inquiring about *how* the amount in the affidavit for the mechanics' lien was determined, just that Appellants could not recite the figure listed in the affidavit because the document could speak for itself. It was Appellants' burden to provide evidence beyond the mechanics' lien to support its claim for damages.

{¶23} Based on that record and the law, we find the trial court did not err in weighing the evidence to grant Appellees' motion for dismissal under Civ.R. 41(B)(2) because Appellants' evidence was insufficient to meet their burden on the underlying matter of the debt.

{¶24} Appellants' Assignment of Error is overruled.

{¶25} The judgment of the Morrow County Court of Common Pleas is affirmed.

By: Delaney, J.

Gwin, J. and

Farmer, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR MORROW COUNTY, OHIO

FIFTH APPELLATE DISTRICT

MICHAEL WILLIAMS, ET AL                  :
                                         :
    Plaintiffs-Appellants               :
                                         :
-vs-                                     :          JUDGMENT ENTRY
                                         :
HAROLD WILLIAMS, ET AL                   :
                                         :
    Defendants-Appellees                :          Case No. 2010-CA-0006


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Morrow County Court of Common Pleas is affirmed.  Costs assessed to Appellants.


_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER