[Cite as *Mulby v. Poptic*, 2012-Ohio-5731.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98324**

# ANNETTE MULBY, ET AL.

PLAINTIFFS-APPELLEES

vs.

# ALAN M. POPTIC, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
**AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas

Case No. CV-505225

**BEFORE:** Keough, J., Cooney, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 6, 2012

**ATTORNEY FOR APPELLANT**

J. Charles Ruiz-Bueno
Charles Ruiz-Bueno Co., LPA
36130 Ridge Road
Willoughby, OH 44094


**ATTORNEY FOR APPELLEES**

Stephen P. Leiby
Leiby Hanna Rasnick Towne
Evanchan Palmisano & Hobson, LLC
388 South Main St., Suite 402
Akron, OH 44311


KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Alan Poptic ("Poptic"),[1] appeals from the trial court's April 2012 judgment entry of foreclosure that granted summary judgment to plaintiffs-appellees, Annette Mulby, et al. ("the Mulbys"), and from the decree confirming the sale of the foreclosed property. Finding no merit to the appeal, we affirm.

---

[1] This appeal initially named both Alan and Joseph Poptic (Alan's father) as appellants. This court granted Joseph's joint motion with the Mulbys to dismiss him because he never consented to being a party to this appeal nor to being represented by Poptic's counsel.

{¶2} This case originated in July 2003, when the Mulbys filed a foreclosure action against the Poptics in an attempt to collect on an outstanding debt. The debt was memorialized by a note that was secured by a mortgage on Poptic's residence. In May 2005, the trial court overruled Poptic's objections and adopted the magistrate's decision, granting summary judgment to the Mulbys and ordering sale of the property. Poptic filed an appeal, but this court dismissed his appeal for lack of a final appealable order pursuant to R.C. 2505.02. *Mulby v. Poptic*, 8th Dist. No. 86582 (July 29, 2005) ("*Poptic I*").

{¶3} In May 2006, a second magistrate's decision was issued, to which Poptic again filed his objections. On August 30, 2006, the trial court overruled his objections and adopted the magistrate's decision, once again ordering the sale of the property. On October 2, 2006, Poptic appealed the trial court's order; this court dismissed Poptic's appeal as untimely, pursuant to App.R. 4(A). *Mulby v. Poptic*, 8th Dist. No. 88810 (Mar. 12, 2007) ("*Poptic II*").[2]

{¶4} Poptic filed a motion to stay the sale, which was denied. The property was sold at sheriff's sale in 2007; Poptic was the winning bidder. Poptic filed a motion to stay the confirmation of sale, which was denied. The

---

[2] Poptic's motion for reconsideration was denied, pursuant to App.R. 14(A) and *Murray v. Ohio Bur. of Emp. Servs.*, 8th Dist. No. 67428, 1994 Ohio App LEXIS 5954 (Dec. 29, 1994).

confirmation of sale was issued on June 30, 2008, but vacated the next day due to service issues. No confirmation of sale was ever properly issued.

{¶5} In August 2008, Poptic filed a motion for relief from judgment from the order of foreclosure. A hearing was held on the motion in April 2009; the magistrate subsequently denied the motion, issuing a written decision. Objections were filed to the magistrate's decision, and a hearing was held on the objections in March and April 2011. In May 2011, the trial court overruled Poptic's objections, and denied Poptic's motion. In addition, the court granted the Mulbys' motion for confirmation of sale. However, no confirmation of sale was issued.

{¶6} In March 2012, Poptic appealed from the trial court's denial of his motion for relief from judgment and the granting of the Mulbys' motion to confirm the sale of property. This court dismissed the appeal for lack of a final appealable order and indicated that after nine years of litigation, the trial court had yet to issue a final, separate order of foreclosure and a final order of confirmation that comported with R.C. 2329.31. *Mulby v. Poptic*, 8th Dist. No. 96863, 2012-Ohio-1037, ¶11 ("*Poptic III*").

{¶7} In April 2012, the trial court entered a separate order of foreclosure, adopting the magistrate's decision from May 2006, and an order of confirmation in compliance with R.C. 2329.31.

**{¶8}** Poptic now appeals from these two entries, raising two assignments of error. He makes no argument regarding the trial court's denial of his motion for relief from judgment.

Standing

**{¶9}** In his first assignment of error, Poptic argues that the Mulbys never produced evidence that the promissory note, from which the mortgage arises, was ever assigned to them and accordingly lacked standing to invoke the trial court's jurisdiction in this foreclosure action.

**{¶10}** Recently, in *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, __ Ohio St.3d __, 2012-Ohio-5017, __ N.E.2d __, the Ohio Supreme Court held that standing in a foreclosure action is a "jurisdictional requirement" and that "standing to sue is required to invoke the jurisdiction of the common pleas court." *Id.* at ¶ 22, 24. Furthermore, quoting *New Boston Coke Corp. v. Tyler*, 32 Ohio St.3d 216, 218, 513 N.E.2d 302 (1987), the Supreme Court stated, "'the issue of standing, inasmuch as it is jurisdictional in nature, may be raised at any time during the pendency of the proceedings.'" Accordingly, although Poptic did not raise a standing issue in his earlier appeals, because standing is jurisdictional and may be raised at any time, we address this assignment of error on its merits. *See BAC Home Loans Servicing L.P. v. Komorowski*, 8th Dist. No. 96631, 2012-Ohio-1341, ¶ 18 ("the issue of standing may be raised at any time during the pendency of the proceedings

because it affects the court's jurisdiction."); *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11 ("[J]urisdiction goes to the power of the court to adjudicate the merits of a case; it can never be waived and may be challenged at any time.").

{¶11} Our review of the record demonstrates that the evidence is clear that the successor trustees of the Boden Family Trust assigned the mortgage and "the indebtedness secured thereby" (which can only mean the note) to the Mulbys. Poptic admitted in his motion for summary judgment that the mortgage had been assigned to the Mulbys. Further, the successor trustees, who are defendants in this action, admitted in their answer that the note was assigned and transferred to the Mulbys. The assignment was filed prior to commencement of this suit. Accordingly, the Mulbys were holders and/or transferees of the note when the complaint was filed and, therefore, had standing to enforce the note.

{¶12} The first assignment of error is therefore overruled.

<u>Confirmation of the Sheriff's Sale</u>

{¶13} In his second assignment of error, Poptic argues that the trial court erred in confirming the sheriff's sale in its April 27, 2012 entry because the sheriff's sale proceeded pursuant to the August 2006 order that was not a final appealable order.

{¶14} R.C. 2329.31 governs confirmation of judicial foreclosure sales and provides as follows:

> Upon return of any writ of execution for the satisfaction of which lands and tenements have been sold, on careful examination of the proceedings of the officer making the sale, if the court of common pleas finds that the sale was made, in all respects, in conformity with sections 2329.01 to 2329.61, inclusive, of the Revised Code, it shall direct the clerk of the court of common pleas to make an entry on the journal that the court is satisfied of the legality of such sale, and that the officer make to the purchaser a deed for the lands and tenements. Nothing in this section prevents the court of common pleas from staying the confirmation of the sale to permit a property owner time to redeem the property or for any other reason that it determines is appropriate. In those instances, the sale shall be confirmed within thirty days after the termination of any stay of confirmation.
>
> The officer making the sale shall require the purchaser, including a lienholder, to pay within thirty days of the confirmation of the sale the balance due on the purchase price of the lands and tenements.

"While the statute speaks in mandatory terms, it has long been recognized that the trial court has discretion to grant or deny confirmation[.]" *Ohio Sav. Bank v. Ambrose*, 56 Ohio St.3d 53, 55, 563 N.E.2d 1388 (1990). The issue, then, is whether the trial court abused its discretion under the circumstances.

{¶15} Poptic argues that because the court's order of August 2006 overruling his objections and adopting the May 2006 magistrate's decision was not a final appealable order, the sheriff's sale is now a nullity. We disagree. Whether an order is appealable merely relates to this court's

jurisdiction to review it at that time; the fact that the order was not appealable does not render it a nullity. Therefore, regardless of whether the order could have been appealed, the August 2006 order still stands as a valid order from which the property was properly sold at sheriff's sale.

{¶16} Accordingly, we find no abuse of discretion in the trial court's decision to confirm the sheriff's sale. Poptic's second assignment of error is overruled.

{¶17} Judgment affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

EILEEN A. GALLAGHER, J., CONCURS;
COLLEEN CONWAY COONEY, P.J., CONCURS IN JUDGMENT ONLY WITH SEPARATE OPINION.

COLLEEN CONWAY COONEY, P.J., CONCURRING IN JUDGMENT ONLY:

{¶18} I concur in judgment only because I would reach a glaring procedural flaw that must be addressed.

{¶19} Poptic admitted in his answer that the Mulbys are the owners and holders of the note. He never raised standing until his Civ.R. 60(B) motion in 2008, two years after his appeal of the 2006 order of foreclosure was dismissed as untimely. I realize standing is a jurisdictional issue, but waiting two years after a final judgment of foreclosure to raise this meritless argument should not be condoned.

{¶20} This court went too far in *Poptic III* in finding that the trial court had yet to issue a final, separate order of foreclosure. The August 2006 order constituted that final separate order that Poptic failed to appeal timely. He should not be allowed a six-year delay in appealing the order when his 33-day delay was held untimely.

{¶21} Furthermore, I find the recent decision in *Fed. Home Loan Mtge. Corp. v. Schwartzwald* to be distinguishable. The question in that case was whether the lack of standing at the commencement of a foreclosure action may be cured by an assignment of the note and mortgage prior to the entry of judgment. ___ Ohio St.3d ___, 2012-Ohio-5017, ¶ 19. In the instant case, Poptic admitted in both his answer to the complaint and in his motion for summary judgment that the successor trustees of the Boden Family Trust assigned the mortgage and "the indebtedness secured thereby" to the Mulbys.

As the majority recognized, "the assignment was filed prior to commencement of this suit." Therefore, because standing was not an issue nor any "late assignment" of the note, I find the *Fed. Home Loan Mtge. Corp.* case distinguishable.