PATRICIA ANN BLACKMON, J.:
{¶ 1} The relator, Fatima Y. Zein, individually and as trustee of the Araam Revocable Trust, has filed a complaint for a writ of prohibition. Zein seeks to prevent the respondent, Judge Deena R. Calabrese, from entering an order of sheriff's sale with regard to real property that is the subject of a foreclosure action in Park View Fed. Sav. Bank v. Zein , Cuyahoga C.P. No. CV-14-832518. Judge Calabrese has filed a motion for summary judgment. For the following reasons, we grant Judge Russo's motion for summary judgment and decline to issue a writ of prohibition.
THE FACTS
{¶ 2} The following facts, that are pertinent to this original action, are gleaned from the complaint for a writ of prohibition, Judge Calabrese's motion for summary judgment, and the various briefs filed by the parties.
{¶ 3} On July 3, 2012, Park View Federal Savings Bank filed a foreclosure action against Zein. On June 20, 2013, CitiFinancial, Inc. and the treasurer of Cuyahoga County were added as defendants. On May 4, 2015, Woods Cove III, L.L.C. was granted leave to intervene and file an answer with cross-claims in the foreclosure action. The cross-claims of Woods Cove were based upon its purchase of outstanding real estate tax lien certificates B203-1-1459 and S2014-2-891.
{¶ 4} On February 15, 2017, a magistrate's decision with findings of fact and conclusions of law was journalized. The magistrate's decision provided that:
This case was submitted to the Magistrate and heard upon the Complaint and Motions for Default Judgment and Summary Judgment of Plaintiff, Park View Federal Savings Bank ("Plaintiff"), the Motion to Substitute Plaintiff to the First National Bank of Pennsylvania, the Answers of Defendants Fatima Y. Zein, individually, Fatima Y. Zein, Trustee of The Araam Revocable Trust, CitiFinancial, *902 Inc., the Cuyahoga County Treasurer, and the answer and cross claim of Defendant Woods Cover III, LLC Defendants Fatima Y. Zein and Fatima Y. Zein, Trustee of the Araam Revocable Trust Motion to Vacate Judgment and Motion to Stay Proceedings in Execution plus various other motions listed on the docket and the evidence.
After hearing on Defendants Fatima Y. Zein and Fatima Y. Zein, Trustee of the Araam Revocable Trust Motion to Vacate Judgment and Motion to Stay Proceedings In Execution, the Court issued an order vacating the prior Judgment and Decree of Foreclosure issued on 01/08/2014. This Magistrate Decision is issued to include the interests of Defendants CitiFinancial and Woods Cove III, LLC.
* * *
The Magistrate finds that there is due Defendant Woods Cove III, LLC the amounts owed on the tax certificates attached to its answer and crossclaim and any additional tax certificates it acquires from the Treasurer prior to the date of Sheriffs sale. While unascertainable at this time, the exact amount owed to the tax certificate holder on its liens will be ascertainable at the time of the sale, which amount is valid and subsisting lien.
Magistrate's Decision of Feb. 15, 2017, p. 1-4.
{¶ 5} On March 1, 2017, Zein filed objections to the magistrate's decision of February 15, 2017. On May 17, 2017, Judge Calabrese overruled Zein's objections and adopted the magistrate's decision. Zein did not file an appeal from the judgment that overruled her objections to the magistrate's decision. On June 30, 2017, Judge Calabrese issued a "praecipe of pluries order of sale with reappraisal" instructing the Cuyahoga County Sheriff to sell at sheriff's sale the real property that was the subject of the foreclosure in C.P. No. CV-12-786327. On July 12, 2017, Zein filed her complaint for a writ of prohibition and request for an alternative writ of prohibition. On July 14, 2017, this court granted Zein's request for alternative writ and stayed the sale of Zein's real property pending disposition of the complaint for a writ of prohibition.
LEGAL ANALYSIS
{¶ 6} Zein, through her complaint for a writ of prohibition, seeks to prevent Judge Calabrese from issuing an order that requires the Cuyahoga County Sheriff to appraise and sell the real property that is the subject of the foreclosure in Case No. CV-12-786327. Zein argues that Judge Calabrese's order of foreclosure was not a final order that allowed for the sale of the real property, because the exact amounts due on Woods Cove's tax lien certificates were not fully ascertained within the magistrate's decision or the order of Judge Calabrese that adopted the magistrate's decision. Zein specifically argues that Judge Calabrese is patently and unambiguously without jurisdiction to issue the pluries order of sale to the Cuyahoga County sheriff.
{¶ 7} A writ of prohibition is designed to prevent a tribunal from proceeding in a matter in which it is not authorized to hear and determine, or in which it seeks to usurp or exercise jurisdiction with which it has not been invested by law. State ex rel. Doe v. Tracy , 51 Ohio App.3d 198, 555 N.E.2d 674 (12th Dist.1988).
{¶ 8} It is well established that the purpose of a writ of prohibition is to prevent inferior courts and tribunals from usurping jurisdiction beyond that with which they have been granted by law. State ex rel. White v. Junkin , 80 Ohio St.3d 335, 686 N.E.2d 267 (1997). Where a court possesses general subject-matter jurisdiction over a pending action, a writ of *903 prohibition will not issue to prevent an error of law. State ex rel. Bell v. Pfeiffer , 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181 ; State ex rel. Winnefeld v. Court of Common Pleas of Butler Cty. , 159 Ohio St. 225, 112 N.E.2d 27 (1953). If a court patently and unambiguously lacks general subject-matter jurisdiction, a writ of prohibition will issue to correct the results of prior unauthorized actions. State ex rel. Cordray v. Marshall , 123 Ohio St.3d 229, 2009-Ohio-4986, 915 N.E.2d 633. However, if a court does not patently and unambiguously lack general subject-matter jurisdiction, prohibition will not issue and the issue of jurisdiction must be addressed through an appeal. State ex rel. Bradford v. Trumbull Cty. Court , 64 Ohio St.3d 502, 597 N.E.2d 116 (1992) ; State ex rel. Pearson v. Moore , 48 Ohio St.3d 37, 548 N.E.2d 945 (1990).
{¶ 9} In Bank of Am., N.A. v. Kuchta , 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, the Supreme Court of Ohio examined in detail the subject of jurisdiction and held that:
The general term "jurisdiction" can be used to connote several distinct concepts, including jurisdiction over the subject matter, jurisdiction over the person, and jurisdiction over a particular case. Id. at ¶ 11-12. The often unspecified use of this polysemic word can lead to confusion and has repeatedly required clarification as to which type of "jurisdiction" is applicable in various legal analyses. See, eg., id. at ¶ 33; Barnes v. Univ. Hosps. of Cleveland , 119 Ohio St.3d 173, 2008-Ohio-3344, 893 N.E.2d 142, ¶ 27 ; In re J.J. , 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 851, ¶ 10-16. * * *
Subject-matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases. Morrison v. Steiner , 32 Ohio St.2d 86, 87, 290 N.E.2d 841 (1972). A court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case. State ex rel. Tubbs Jones v. Suster , 84 Ohio St.3d 70, 75, 1998-Ohio-275, 701 N.E.2d 1002 (1998) ; Handy v. Ins. Co. , 37 Ohio St. 366, 370 (1881). A court's jurisdiction over a particular case refers to the court's authority to proceed or rule on a case that is within the court's subject-matter jurisdiction. Pratts [v. Hurley] at ¶ 12, [102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992]. This latter jurisdictional category involves consideration of the rights of the parties. If a court possesses subject-matter jurisdiction, any error in the invocation or exercise of jurisdiction over a particular case causes a judgment to be voidable rather than void. Id. at ¶ 12.
Kuchta at ¶ 18-23.
{¶ 10} In the case sub judice, we find that Zein has failed to establish that Judge Calabrese patently and unambiguously lacks the general subject-matter jurisdiction to preside over the civil action pending in Case No. CV-12-786327. Judge Calabrese, as an elected judge of the Cuyahoga County Court of Common Pleas, possesses the basic subject-matter jurisdiction to preside over the foreclosure action as presently being litigated in Case No. CV-12-786327. See R.C. 2305.01, 2323.07 and Ohio Constitution, Article IV, Sections (A) and (B). Judge Calabrese is cloaked with the necessary general subject-matter jurisdiction to hear and determine the complaint for foreclosure.
{¶ 11} In addition, the exact amount due on each tax certificate lien need not be precisely determined in the magistrate's decision or order that adopted the magistrate's decision. The Supreme Court of Ohio, in CitiMortgage, Inc. v. Roznowski, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, held that for a judgment degree in foreclosure to constitute a final order, that subjects the real property *904 subject to foreclosure at sheriff's sale, the order of foreclosure need only determine the extent of each lienholder's interest, set forth the priority of liens, and determine the other rights and responsibilities of each party in the foreclosure action.
There are thus two judgments appealable in foreclosure actions: the order of foreclosure and the confirmation of sale. The order of foreclosure determines the extent of each lienholder's interest, sets forth the priority of the liens, and determines the other rights and responsibilities of each party in the action. On appeal from the order of foreclosure, the parties may challenge the court's decision to grant the decree of foreclosure. Once the order of foreclosure is final and the appeals process has been completed, all rights and responsibilities of the parties have been determined and can no longer be challenged.
The confirmation process is an ancillary one in which the issues present are limited to whether the sale proceedings conformed to law. Because of this limited nature of the confirmation proceedings, the parties have a limited right to appeal the confirmation. For example, on appeal of the order confirming the sale, the parties may challenge the confirmation of the sale itself, including computation of the final total owed by the mortgagor, accrued interest, and actual amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance. The issues appealed from confirmation are wholly distinct from the issues appealed from the order of foreclosure. In other words, if the parties appeal the confirmation proceedings, they do not get a second bite of the apple, but a first bite of a different fruit. (Emphasis added.)
Id. at 39-40.
{¶ 12} Therefore, a judgment entry for foreclosure satisfies the Ohio Supreme Court's rule in Roznowski, that an entry is final and appealable, when it fully sets forth each party's rights and responsibilities, subject only to the ministerial task of calculating the final amounts at the confirmation proceedings. Wells Fargo Bank Natl. Assn. v. Maxfield , 2016-Ohio-8102, 75 N.E.3d 864. See also Bank of New York Mellon v. Adams , 8th Dist. Cuyahoga No. 99399, 2013-Ohio-5572, 2013 WL 6730792 ; Parkview Fed. Savings Bank v. Grimm , 8th Dist. Cuyahoga No. 93899, 2010-Ohio-5005, 2010 WL 4018700 ; Huntington Natl. Bank v. Shanker , 8th Dist. Cuyahoga No. 72707, 1998 WL 269091 (May 21, 1998).
{¶ 13} Herein, the order of foreclosure entered by Judge Calabrese, as based upon the magistrate's report, determined the extent of each lienholder's interest, set forth the priority of liens, and determined the other rights and responsibilities of each party. Thus, the order of foreclosure constituted a final order that permitted Judge Calabrese to issue a praecipe of pluries order of sale with reappraisal instructing the Cuyahoga County sheriff to sell at sheriff's sale the real property that was the subject of the foreclosure in Case No. CV-12-786327.
{¶ 14} It must also be noted that Zein has or had an adequate remedy in the ordinary course of law, which prevents this court from issuing a writ of prohibition. Zein was permitted to appeal the order of foreclosure, but did not file an appeal to this court. State ex rel. Sneed v. Anderson , 114 Ohio St.3d 11, 2007-Ohio-2454, 866 N.E.2d 1084 ; State ex rel. Bradford v. Trumbull Cty. Court , 64 Ohio St.3d 502, 597 N.E.2d 116 (1992) ; State ex rel. Pearson v. Moore , 48 Ohio St.3d 37, 548 N.E.2d 945 (1990).
{¶ 15} Finally, even if the order of foreclosure was not final, Judge Calabrese still possessed the necessary jurisdiction to order the sheriff to sell the real property *905 subject to foreclosure. Such an order may have constituted an error of law, but any alleged error in allowing execution of the foreclosure order could have been addressed on appeal. State ex rel. Sponaugle v. Hein , 2017-Ohio-1210, --- N.E.3d ----. See also Mulby v. Poptic , 8th Dist. Cuyahoga No. 98324, 2012-Ohio-5731, 2012 WL 6082892, wherein this court held that:
Poptic argues that because the court's order of August 2006 overruling his objections and adopting the May 2006 magistrate's decision was not a final appealable order, the sheriff's sale is now a nullity. We disagree. Whether an order is appealable merely relates to this court's jurisdiction to review it at that time; the fact that the order was not appealable does not render it a nullity. Therefore, regardless of whether the order could have been appealed, the August 2006 order still stands as a valid order from which the property was properly sold at sheriff's sale.
Id. at ¶ 15.
{¶ 16} Accordingly, we grant Judge Calabrese's motion for summary judgment. The alternative writ of prohibition is vacated. Costs to Zein. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).
{¶ 17} Writ denied.
MARY EILEEN KILBANE, P.J., and LARRY A. JONES, SR., J., CONCUR