[Cite as *Fifth Third Mortgage Co. v. McElroy*, 2023-Ohio-76.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

FIFTH THIRD MORTGAGE
COMPANY,                                  :

      Plaintiff,                          :                No. 111569

      v.                                  :

BRYON K. MCELROY,                         :

      Defendant-Appellant.                :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** January 12, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-904789

---

### *Appearances:*

Bellinger & Donahue and Kerry M. Donahue, *for appellant*.

Mitchell L. Alperin, *for appellee* Scott M. Muharsky.

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant Bryon[1] K. McElroy ("McElroy") filed an appeal from the trial court's order that denied his motion for distribution of excess funds

---

[1] The parties' briefs misspell the appellant's first name as "Byron."

and granted the motion for distribution of excess funds of defendant-appellee Scott M. Muharsky d.b.a. Scott's Restoration Services ("Muharsky"). For the following reasons, we reverse and remand.

**Factual and Procedural History**

{¶ 2} On August 28, 1995, Michael J. Weist ("Weist") acquired title to the real property located at 1974 East 221st Street, Euclid, Ohio. On February 7, 2003, pursuant to a loan Weist obtained on the real property, he executed a promissory note ("Note") secured by a mortgage in favor of Fifth Third Mortgage Company ("Fifth Third"). On March 5, 2003, Weist conveyed the real property to himself and McElroy, with rights of survivorship. On December 17, 2016, Weist died and his interest in the property vested with McElroy.

{¶ 3} On October 3, 2018, Fifth Third filed a foreclosure complaint against McElroy and his Jane Doe wife; Weist; Asset Acceptance, LLC; Richard P. Wahl ("Wahl"); Portfolio Recovery Associates, LLC; the city of Euclid's Department of Taxation; and Muharsky. Fifth Third alleged the note and mortgage were in default and declared the entire balance due and payable. Fifth Third sought a finding of default on the note; a finding that the mortgage was a valid and subsisting lien on the property, subject to other liens that had priority over the mortgage; and an order of foreclosure.

{¶ 4} Attached to the complaint was a preliminary judicial report dated September 21, 2018, that was a guarantee of record title presented for the use and benefit of the parties to the lawsuit and the purchaser at the judicial sale. The

preliminary judicial report listed the following liabilities against the property: the Fifth Third mortgage; certificates of judgment against McElroy and in favor of Wahl, Portfolio Recovery Associates, LLC, and the city of Euclid's Department of Taxation; a mechanics' lien in favor of Muharsky against Weist and McElroy; a certificate of judgment in favor of Asset Acceptance, LLC against Weist; and a terminated bankruptcy matter on behalf of McElroy.

{¶ 5} On October 12, 2018, Wahl filed an answer to Fifth Third's complaint and a cross-claim against McElroy pursuant to the judgment lien Wahl obtained against the property. On November 30, 2018, Muharsky filed an answer to Fifth Third's complaint and a cross-claim against McElroy. Muharsky's cross-claim alleged he had an interest in the subject real property pursuant to a judgment lien filed on June 11, 2014, with the Cuyahoga County Fiscal Officer as Instrument Number 201406110569. While Muharsky classified his interest as a judgment lien in his answer and cross-claim, the preliminary judicial report and Muharsky's subsequent motion for distribution characterized his interest as a mechanics' lien. Muharsky's lien stemmed from his alleged lease of a furnace to McElroy and Weist that was repossessed prior to the filing of Fifth Third's foreclosure complaint. Muharsky further alleged that its lien had not been satisfied and McElroy owed Muharsky the sum of $26,701.82, plus interest and costs from June 11, 2014. Muharsky requested that the court grant priority to his lien from the proceeds obtained from the foreclosure sale and that the judgment lien be adjudged a valid lien.

{¶ 6} On May 1, 2019, McElroy filed a motion for leave to plead or otherwise respond to Fifth Third's complaint; McElroy did not request leave to plead to the cross-claims filed by Wahl and Muharsky. The trial court granted McElroy's motion for leave to plead, and on May 13, 2019, McElroy filed answers to Fifth Third's complaint, Muharsky's cross-claim, and Wahl's cross-claim.

{¶ 7} On July 16, 2019, Fifth Third filed a motion for summary judgment against McElroy. On the same date, Fifth Third filed a motion for default judgment against Asset Acceptance LLC, Portfolio Recovery Associates, LLC, and the city of Euclid's Department of Taxation. On August 16, 2019, the magistrate granted Fifth Third's unopposed motion for summary judgment and Fifth Third's motion for default judgment. On August 19, 2019, the magistrate issued a decision that ordered the sale of the real property at a sheriff's sale and distribution of the sale proceeds in the following order: the clerk of courts in payment of the judicial report, Cuyahoga County Treasurer for taxes, Fifth Third in satisfaction of the Note, and the balance, if any, to be held by the clerk of courts pending further order. The magistrate's decision found that any right, title, interest, or lien held by Wahl and Muharsky was inferior and subsequent to Fifth Third's lien. No findings were made as to Wahl and Muharsky's right, title, interest, or lien except to note that the alleged interests were ordered transferred to the proceeds derived from the sheriff's sale.

{¶ 8} On September 19, 2019, the trial court adopted the magistrate's decisions on the motion for summary judgment and motion for default judgment as well as the magistrate's August 19, 2019 decision thereby granting foreclosure on the

real property. The trial court's journal entry stated Wahl and Muharsky's interests would be determined at a later date.

{¶ 9} On November 4, 2019, the real property sold at a sheriff's sale. On November 22, 2019, the trial court issued a judgment entry that amended the order of distribution and found Fifth Third was also entitled to receive payment on advances made to preserve the property before the balance, if any, was held by the clerk of courts until further court order. Approximately nine months later, on September 2, 2020, the trial court issued a journal entry titled "decree of confirmation" that approved the sheriff's sale and directed the sheriff to execute and deliver a good and sufficient deed to the purchaser. Additionally, the order stated that following payment of Fifth Third's mortgage and advance payments, clerk costs, sheriff fees, and taxes, the excess funds in the amount of $58,689.13 were to be returned to the clerk of courts pending further order from the court.

{¶ 10} On September 4, 2020, Wahl filed a motion that sought distribution of $33,384.89 in payment of his judgment lien against McElroy. The trial court granted Wahl's unopposed motion on October 5, 2020.

{¶ 11} On July 1, 2021, McElroy filed a motion for distribution that requested the court distribute the excess funds to him. Pursuant to an August 16, 2021 journal entry, the trial court notified all parties of McElroy's request for distribution of the remaining excess funds and instructed all parties with an alleged interest in the excess funds to submit a motion of distribution on or before August 25, 2021. On August 23, 2021, Muharsky filed a motion seeking distribution of the

excess funds to him in the amount of $26,701.82, plus interest and costs, in satisfaction of his mechanics' lien. On September 9, 2021, McElroy filed a brief in opposition to Muharsky's motion for distribution.

{¶ 12} On March 7, 2022, McElroy filed a notice of intent to file a writ of mandamus with this court. The notice of intent argued that McElroy was entitled to the excess funds, the monies were owing to McElroy since July 1, 2021, and Muharsky's claim was meritless. On March 22, 2022, the trial court granted Muharsky's motion for distribution of excess funds and denied McElroy's motion for distribution.

{¶ 13} On March 23, 2022, McElroy filed a motion to stay disbursement of the excess funds pending a ruling from this court; on the same date, the trial court granted the motion to stay. McElroy filed a timely appeal on March 28, 2022.[2]

{¶ 14} In his appeal, McElroy presented, verbatim, these nine assignments of error:

> Assignment of Error I: It was error for the court to award excess funds from the judicial sale of defendant Byron McElroy's home, to Scott Muharsky an unproven purported lienholder.
>
> Assignment of Error II: It was error to find that defendant Muharsky had proven the existence or proper amount of his mechanics lien to the court.
>
> Assignment of Error III: It was error to find the mechanics lien was properly perfected by Muharsky or that any judgment on that lien was ever taken.

---

[2] While McElroy filed a timely notice of appeal on March 28, 2022, the pleading — for unknown reasons — was not docketed by the clerk of courts until June 1, 2022.

Assignment of Error IV: The lien was never perfected for reasons including that it was not timely served upon appellant homeowner as is required for the lien to have affect (Burden of proof on lien claimant).

Assignment of Error V: It was error to deny the disbursement of the excess funds from the sale of his home to the rightful claimant of those funds being homeowner Byron McElroy.

Assignment of Error VI: It was a denial of constitutional due process to take defendant-appellants proceeds of sale without any determination of existence of a lawful mechanics lien.

Assignment of Error VII: The taking of proceeds belonging to defendant-appellant was a state taking of property without compensation in violation of the constitutional rights of defendant-appellant.

Assignment of Error VIII: It was error to not have an accounting of payments and/or credits applied or not applied to the purported lien.

Assignment of Error IX: It was error not to recognize that the mechanics lien expired or was not properly perfected or adjudicated.

## Legal Analysis

{¶ 15} We review a trial court's decision in a foreclosure action for an abuse of discretion. *Treasurer of Cuyahoga Cty. v. Berger Properties of Ohio*, 8th Dist. Cuyahoga No. 110233, 2021-Ohio-3204, ¶ 9, citing *Villas at E. Pointe Condo. Assn. v. Strawser,* 2019-Ohio-3554, 142 N.E.3d 1200, ¶ 12 (10th Dist.). The term abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983); *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463.

{¶ 16} For ease of discussion, we will address McElroy's assignments of error collectively.

{¶ 17} Following the sale of McElroy's real property in foreclosure and satisfaction of the priority liens to Fifth Third and Wahl, clerk costs, sheriff fees, and taxes, McElroy sought distribution of the excess proceeds that were held by the clerk of courts. Muharsky also claimed entitlement to the excess proceeds. McElroy's statutory right to the excess proceeds was secondary to any legitimate demands presented by mortgagees holding liens on the foreclosed property. *Third Fed. S. & L. Assn. of Cleveland v. Strong*, 10th Dist. Franklin No. 14AP-902, 2015-Ohio-3009, ¶ 15, citing R.C. 2329.44; *Franklin Cty. Treasurer v. Kafele*, 10th Dist. Franklin No. 05AP-252, 2005-Ohio-6618, ¶ 5; *Stidham v. Wallace*, 12th Dist. Madison No. CA2012-10-022, 2013-Ohio-2640, ¶ 12, fn. 1; *Bankers Trust Co. of California v. Munoz*, 142 Ohio App.3d 103, 110, 754 N.E.2d 265 (8th Dist.2001). Thus, if Muharsky provided sufficient evidence that supported the legitimacy of his mechanics' lien, Muharsky, rather than McElroy, would receive the excess funds from the foreclosure sale.

{¶ 18} We must determine whether Muharsky demonstrated he held a legitimate priority lien. On August 19, 2019, the magistrate rendered a decision that found Fifth Third held a valid first mortgage lien subject only to the Treasurer's lien for taxes. Further, the magistrate acknowledged Muharsky claimed a mechanics' lien and found any right, title, interest, or lien Muharsky held was inferior and subsequent to that of Fifth Third. The magistrate's decision made no findings about Muharsky's mechanics' lien when it stated:

No finding is made at this time as to the right, title, interest, or lien of said defendants as set forth in their respective pleadings filed herein, except to note that such right, title, interest[,] or lien of the above named defendants is hereby ordered transferred to the proceeds derived from the sale of said premises, after the payment of the costs of the within action, taxes due and payable and the amount found due to the Plaintiff, and the same are hereby ordered continued until further order.

{¶ 19} On September 19, 2019, the trial court issued a foreclosure order that adopted the magistrate's August 19, 2019 decision. The trial court's order specified the order of distribution as: (1) the clerk of courts for payment of the judicial reports, (2) the Cuyahoga County Treasurer, (3) Fifth Third, and (4) the balance, if any, to be held by the clerk of courts pending further order. The foreclosure order further stated:

The parties who have asserted an interest in the premises will be paid according to their priority. *The claims of all parties who have asserted an interest in [the] premises and whose claims are not paid in the order of distribution herein are transferred to the proceeds of sale and will be determined at a later date.*

(Emphasis added.) Muharsky's mechanics' lien was not included in the order of distribution and, therefore, the lien was transferred to the proceeds of the foreclosure sale and its legitimacy was to be determined at a later date. Pursuant to the magistrate's decision that explicitly stated it made no findings about Muharsky's rights under the mechanics' lien and the trial court's order that the mechanics' lien would be determined at a later date, the record demonstrates further proceedings were needed to establish the validity of the lien.

{¶ 20} No such proceedings occurred. Instead, the sheriff's sale was conducted and the trial court confirmed the sale. Payments were provided to Fifth Third on its mortgage lien and advances as well as in satisfaction of taxes, clerk costs, and sheriff costs. The excess funds were transferred to the clerk of courts. Wahl filed an unopposed motion for disbursement and received payment from the excess funds.

{¶ 21} On July 1, 2021, McElroy filed a motion for distribution of the remaining excess funds. On August 23, 2021, Muharsky filed a competing motion for distribution. McElroy opposed Muharsky's motion, arguing that Muharsky's pleadings did not include a copy of his proposed mechanics' lien and, therefore, the lien was not part of the evidence before the court. McElroy further argued that Muharsky did not submit evidence to establish the legitimacy of the mechanics' lien, file a motion for default motion, attend mediation, or otherwise participate in the litigation. McElroy also argued that Muharsky was not mentioned in the trial court's September 2, 2020 confirmation of sale judgment entry — a final appealable order — and thus Muharsky had no claim to the excess funds.

{¶ 22} On March 22, 2022, without holding a hearing or accepting evidence on the legitimacy of Muharsky's mechanics' lien, the trial court denied McElroy's motion for distribution and granted Muharsky's motion. In support of its decision, the trial court stated that the title reports provided in the foreclosure proceedings indicated Muharsky held a mechanics' lien on the subject property in the amount of $26,701.82, plus interest and court costs. The trial court also stated that its

September 19, 2019 judgment entry acknowledged Muharsky's mechanics' lien, and McElroy acknowledged the existence of the mechanics' lien in his answer to Muharsky's cross-claim. The trial court further stated that McElroy did not challenge the validity of the lien throughout the foreclosure litigation.

{¶ 23} We do not find the trial court's March 22, 2022 judgment entry demonstrated whether Muharsky held a legitimate mechanics' lien. To perfect a mechanics' lien, a contractor or subcontractor files an affidavit with the county recorder that conforms with R.C. 1311.06(A) and serves the affidavit as required under R.C. 1311.07. *Flemco, LLC v. 12307 St. Clair, Ltd.*, 8th Dist. Cuyahoga No. 105956, 2018-Ohio-588, ¶ 19; R.C. 1311.07. After a party shows statutory compliance for filing a mechanics' lien, the lienholder must still prove the existence of a valid, legally enforceable claim or debt underlying the lien. *Id.* at ¶ 20-22. Such proof could include the reasonable value of the furnished labor and materials and payments, if any.

{¶ 24} The preliminary judicial report filed with the foreclosure complaint simply stated Muharsky's mechanics' lien, in the amount of $26,701.82, plus interest and costs, was recorded on June 11, 2014 as Instrument Number 201406110569 with Cuyahoga County. The lower court's record includes a copy of Muharsky's Affidavit for Mechanics' Lien ("affidavit") filed with the Cuyahoga County Fiscal Officer. It is unclear when or how the affidavit was presented to the trial court since the document was not attached to a pleading nor referenced in the docket. Regardless of how the affidavit was provided to the trial court, presentment

of the document was not per se proof of the facts alleged in the affidavit and, therefore, the affidavit — or reference to the mechanics' lien in the preliminary judicial report — did not establish statutory compliance or the validity of the mechanics' lien. *Flemco* at ¶ 22; *Williams v. Williams*, 5th Dist. Morrow No. 2010-CA-0006, 2011-Ohio-1200, ¶ 21, citing *Schlueter v. Shaheen*, 3d Dist. Hancock No. 5-88-27, 1989 Ohio App. LEXIS 4270, 12 (Nov. 8, 1989).

{¶ 25} Further, the trial court's September 19, 2019 judgment entry and McElroy's answer did not establish the legitimacy of the mechanics' lien. In the trial court's September 19, 2019 judgment entry, the court found Muharsky's lien was transferred to the proceeds of sale and that interest would be determined at a later date. The trial court also adopted the magistrate's decision that made no findings on the mechanics' lien except that Muharsky's interest was inferior to Fifth Third's interest. McElroy's answer to Muharsky's cross-claim acknowledged the existence of the mechanics' lien filed with the Cuyahoga County Fiscal Officer but denied all other allegations in the pleading, including the amount of the mechanics' lien. Absent the introduction of any evidence, the referenced judgment entry and McElroy's answer did not substantiate or validate Muharsky's mechanics' lien.

{¶ 26} Additionally, the trial court stated in its March 22, 2022 judgment entry that McElroy did not challenge the validity of the mechanics' lien during the foreclosure litigation. It appears the trial court was stating that McElroy was required to challenge the mechanics' lien in a direct appeal following the trial court's September 19, 2019 foreclosure order. *See CitiMortgage, Inc. v. Roznowski*, 139

Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 38 ("[I]f an individual or entity believes that the order of foreclosure fails to accurately reflect an interest in the property, the proper means to challenge the court's determination is by appealing the order of foreclosure."). A foreclosure order is a final, appealable order "when it fully sets forth each party's rights and responsibilities, subject only to the ministerial task of calculating the final amounts at the confirmation proceedings." *Zein v. Calabrese*, 2017-Ohio-8325, 99 N.E.3d 900, ¶ 12 (8th Dist.), citing *Wells Fargo Bank Natl. Assn. v. Maxfield*, 2016-Ohio-8102, 75 N.E.3d 864 (12th Dist.). Here, the trial court's foreclosure order did not make any findings about the validity of the mechanics' lien, but indicated such a determination would be made at a future date. Thus, the foreclosure order required more than the ministerial task of calculating the final amounts at the confirmation proceedings and was not a final, appealable order from which McElroy was required to appeal the validity of the mechanics' lien.[3]

{¶ 27} Further,

[w]here a lienholder submits a motion for distribution of excess proceeds but proper evidence of the secured debt is not in the record, in the interest of equity, an appellate court may remand the matter for the trial court to establish the status of the lien before ordering the distribution.

---

[3] The determination that the trial court's September 19, 2019 order was not a final, appealable order does not impact the validity of that order or the status of the sheriff's sale. *Mulby v. Poptic*, 8th Dist. Cuyahoga No. 98324, 2012-Ohio-5731, ¶ 15 ("Whether an order is appealable merely relates to this court's jurisdiction to review it at that time; the fact that the order was not appealable does not render it a nullity.").

*Strong*, 10th Dist. Franklin No. 14AP-902, 2015-Ohio-3009, at ¶ 16.  This discretion furthers "the primary purpose and goal of a foreclosure sale: to protect the interests of the mortgagor-debtor * * * and at the same time ensure that secured creditors will receive payment for unpaid debts."  *Ohio Sav. Bank v. Ambrose*, 56 Ohio St.3d 53, 56, 563 N.E.2d 1388 (1990).

{¶ 28} We find that the trial court abused its discretion when it issued the March 22, 2022 judgment entry and granted disbursement of the excess funds to Muharsky without first holding a hearing or receiving evidence to demonstrate the legitimacy of the mechanics' lien.  Accordingly, McElroy's first, second, and third assignments of error are sustained and fully dispositive of the appeal.  The remaining assignments of error, therefore, are moot and we will not address them. App.R. 12(A)(1)(c).

{¶ 29} Judgment reversed and the case remanded.  Specifically, we remand this matter and instruct the trial court to hold a hearing where the parties will introduce evidence as to whether Muharsky holds a legitimate mechanics' lien. Based upon the evidence and the parties' arguments, the trial court will render a ruling on the parties' competing motions for disbursement of the excess funds.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
LISA B. FORBES, J., CONCUR