[Cite as *Stidham v. Wallace*, 2013-Ohio-2640.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

|  |  |  |
|---|---|---|
| WILLIAM M. STIDHAM, Treasurer,<br>Madison County, Ohio, | : | |
| | : | CASE NO.   CA2012-10-022 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>6/24/2013 |
| - vs - | : | |
| | : | |
| WILLIAM P. WALLACE, et al., | : | |
| Defendants-Appellants. | : | |
| | : | |

CIVIL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CVE 20110076

Stephen J. Pronai, Madison County Prosecuting Attorney, Kirsten J. Gross, 59 North Main Street, London, Ohio 43140, for plaintiff-appellee

William P. Wallace and Lori A. Wallace, 185 Thorn Locust Lane, London, Ohio 43140, defendants-appellants, pro se

Harry J. Finke IV, 1900 Fifth Third Center, 511 Walnut Street, P.O. Box 6464, Cincinnati, Ohio 45201-6464, for defendant-appellee, Citibank, N.A.

**RINGLAND, P.J.**

{¶ 1} Defendants-appellants, William P. Wallace and Lori A. Wallace, appeal from an

entry in the Madison County Court of Common Pleas ordering the distribution of proceeds in

a foreclosure action to defendant-appellee, Citibank, N.A. For the reasons outlined below,

we reverse the decision of the trial court and remand for further proceedings consistent with this opinion.

{¶ 2}   The treasurer of Madison County, William M. Stidham, initiated a foreclosure action against the Wallaces following their failure to pay a sewage assessment on their residential property.  In his complaint, the treasurer alleged that Citbank had an interest in the Wallaces' property by virtue of a mortgage.  However, Citibank never answered or otherwise responded to the complaint.

{¶ 3}   Following an award of summary judgment to the county treasurer, the Wallaces' property was sold at a sheriff's sale.  On October 25, 2011, the trial court entered a judgment entry confirming the sale and ordering the distribution of certain proceeds.  The trial court ordered that "[t]he remaining proceeds [were] to be held by the Clerk pending further order of the Court."  The Wallaces appealed the foreclosure action, which this court ultimately upheld. *Stidham v. Wallace*, 12th Dist. No. CA2011-10-012, 2012-Ohio-3538.  A release of Citibank's mortgage was filed on December 21, 2011.

{¶ 4}   Citibank made its first appearance in this action on March 15, 2012, when it filed a "Motion for Distribution of Proceeds."  Because the action was currently before this court at the time of its initial motion, Citibank renewed its motion on September 25, 2012. The trial court granted Citibank's motion without a hearing, and initially ordered $52,301.66 to be distributed to Citibank.  Because the amount ordered to be distributed was actually more than the amount on deposit at the Clerk of Courts, the trial court filed an amended entry ordering $49,423.26 to be distributed to Citibank.  The Wallaces now appeal, and assert a single assignment of error for review.

{¶ 5}   Assignment of Error No. 1:

{¶ 6}   THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS BY GRANTING DEFENDANT-APPELLEE-IN-DEFAULT CITIBANK, N.A. PAYMENT OF

RESIDUAL TAX FORECLOSURE SALE MONEYS, WHEN SUCH PARTY IS NOT ENTITLED TO SAME AS A MATTER OF LAW NOR EQUITY.

{¶ 7} The Wallaces assert three arguments within their assignment of error, which we will address in turn. First, the Wallaces argue a court acts outside of its jurisdiction by granting a motion for release of residual tax sale moneys to a properly served defendant when that defendant failed to answer. While we disagree with the Wallaces' contention that the trial court did not have jurisdiction to rule on the motion, we find that the trial court abused its discretion in awarding Citibank the remainder of the proceeds when the amount remaining on Citibank's mortgage was never established on the record.

{¶ 8} An action for foreclosure is in equity. *Farmers Savings & Loan Co. v. Robison*, 7th Dist. No. 75 C.A. 39, 1976 WL 188521, *4 (Feb. 11, 1976). The standard of review applicable to claims for equitable relief is abuse of discretion. *Sandusky Properties v. Aveni*, 15 Ohio St.3d 273, 274-275 (1984). An abuse of discretion connotes more than an error of law or judgment; rather, it implies that the court has acted either unreasonably, unconscionably, or arbitrarily. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990).

{¶ 9} "Foreclosure is an equitable proceeding and equitable action is required to undo the damage." *Sharp v. Kuhn*, 2d Dist. No. 78 CA 10, 1978 WL 216347, *4 (Oct. 4, 1978). "One of the chief characteristics of a court of equity is adequate power to afford full relief to all parties before it." *Robison* at *4*, citing *Brinkerhoff v. Smith*, 57 Ohio St. 610. "[I]t is a well-settled rule of practice that in foreclosure actions claims may be brought in or filed up to the time of distribution, and may share in the proceeds according to priority." *Robison* at *4.

{¶ 10} When faced with a similar situation, the First District Court of Appeals found that a lienholder had an equitable right to have its lien satisfied. In *Mueller v. Petri*, 1st Dist. No. C-74692, 1975 WL 182122 (Nov. 3, 1975), a plaintiff initiated an action against defendant homeowners in order to satisfy a judgment. Cincinnati Savings Association (CSA) had previously recorded a mortgage on the property and was also named a defendant. *Id.* at *1. CSA, however, failed to answer or otherwise respond, and the trial court entered a default judgment against CSA. *Id.* at *1. Subsequent to the property being sold at a sheriff's sale, CSA filed a "Motion to Set Aside Proceedings and Extend Time." *Id.* at *1. The trial court granted CSA's motion in the interest of equity. *Id.* at *1. On appeal, the First District affirmed the trial court, stating that CSA had an equitable right to have its lien satisfied out of the sale of the property, even though CSA had failed to file a timely answer. *Id.* at *2.

{¶ 11} In the case at bar, Citibank was served with the initial summons and complaint and failed to answer or otherwise respond. The property was later sold at a sheriff's sale, and the trial court ordered the distribution of a portion of the proceeds. Remaining proceeds, however, were still within the custody of the court. Despite the mortgage being released, a default judgment was never entered against Citibank. In the interest of equity, Citibank is entitled to the amount remaining on its recorded mortgage from the proceeds of the sheriff's sale and the trial court retains jurisdiction to release funds. Nevertheless, Citibank failed to establish the amount remaining on its mortgage in the record. Consequently, we find the trial court abused its discretion in awarding the remaining proceeds to Citibank without first establishing the amount left on Citibank's mortgage. The Wallaces' first argument is sustained.

{¶ 12} In the Wallaces' second argument they assert that they are entitled to residual funds from the sale of their residence under R.C. 5721.20. We disagree. R.C. 5721.20 provides that "any residue of moneys from the sale or foreclosure of lands remaining to the

owner on the order of distribution, and unclaimed by such owner within sixty days from its receipt, shall be paid to the county treasury * * *." In this case, there are currently no residuary funds to be collected by the Wallaces. The trial court ordered in a judgment entry confirming the sale that "[t]he remaining proceeds [were] to be held by the Clerk pending further order of the Court," and later granted Citibank's motion to participate in the distribution of funds.[1] The Wallaces' second argument is overruled.

{¶ 13} In their third and final argument, the Wallaces essentially contend that Citibank's "Motion for Distribution of Proceeds" was a motion for relief from judgment under Civ.R. 60(B), which the trial court erroneously granted. Civ.R. 60(B) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment" for certain reasons. Citibank points out that no motion was made under Civ.R. 60(B). Even if we were to construe Citibank's "Motion for Distribution of Proceeds" as a Civ.R. 60(B) motion, the Wallaces' argument still fails because the trial court did not grant Citibank relief from a final judgment. As noted above, the final judgment provided that "[t]he remaining proceeds [were] to be held by the Clerk pending further order of the Court." The final judgment did not prohibit the trial court from disbursing remaining funds to Citibank. Furthermore, "in foreclosure actions claims may be brought in or filed up to the time of distribution." *Robison* at *4. As a result, the trial court did not provide Citibank relief from final judgment by allowing Citibank to participate in distribution. The Wallaces' third argument is overruled.

{¶ 14} The Wallaces' sole assignment of error is sustained. This case is reversed and cause remanded for the trial court to first establish the amount remaining on Citibank's mortgage before ordering a distribution of the proceeds to Citibank.

---

1. However, in the event there are remaining funds following the establishment of the amount of Citibank's mortgage, the Wallaces may be entitled to remaining funds under R.C. 5721.20.

{¶ **15**} Judgment reversed and cause remanded.

M. POWELL, J., concurs.

PIPER, J., concurs in part and dissents in part.

**PIPER, J., concurring in part and dissenting in part.**

{¶ **16**} I concur with the judgment of my colleagues in that Citibank is entitled to the remaining proceeds in order to satisfy their lien which was previously secured by a mortgage.

{¶ **17**} However, I would dissent from the opinion of my colleagues because the amount due Citibank is more than the amount remaining on hand and available to satisfy Citibank's lien. Therefore, I would find no fault with the proceedings below and would affirm on all of the assignments of error.