[Cite as *Villas at E. Pointe Condominium Assn. v. Strawser*, 2019-Ohio-3554.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Villas at East Pointe Condominium Association, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 18AP-823 |
| v. | : | (C.P.C. No. 16CV-222) |
| Melissa L. Strawser et al., | : | |
| | : | (REGULAR CALENDAR) |
| Defendants-Appellees, | : | |
| | : | |
| Carrington Mortgage Services, LLC, | : | |
| | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 3, 2019

**On brief:** *Graydon, Head & Ritchey LLP,* and *Kara A. Czanik,* for appellant. **Argued:** *Jeffrey M. Hendricks.*

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Defendant-appellant Carrington Mortgage Services, LLC ("Carrington") appeals from a decision of the Franklin County Court of Common Pleas denying Carrington's motion for distribution of sale proceeds. Because we determine the trial court erred in failing to consider whether to exercise its inherent discretion, we reverse and remand.

I. BACKGROUND

{¶ 2} The Villas at East Pointe Condominium Association ("East Pointe") initiated this foreclosure action against defendant-appellee Melissa L. Strawser pursuant to a lien for unpaid condominium dues on January 8, 2016. The complaint involved Strawser's property at 81 Villa Pointe Drive in Columbus, Ohio ("property"). The complaint named

Carrington as a defendant because Carrington held the first mortgage on the property. Carrington's lien was senior to East Pointe's lien.

{¶ 3}   Carrington was served with the complaint via certified mail on January 19, 2016 but failed to answer.  Strawser was also served and likewise failed to answer.  On October 11, 2016, East Pointe filed a motion for default judgment against all parties, seeking both default and a "bar to any equitable interest" those parties may have had in the property.  The trial court granted the motion and issued the judgment entry of foreclosure on October 31, 2016 ("judgment entry").  The judgment entry noted that Carrington had been served and failed to answer. It further explicitly stated "IT IS THEREFORE ORDERED ADJUDGED AND DECREED that all claims of [Carrington], having failed to appear herein, be and the same are hereby forever barred against the premises * * *."

{¶ 4}   An investor purchased the property at the July 7, 2017 sheriff's sale.  The September 6, 2017 confirmation entry followed.  The confirmation entry relevantly ordered the clerk to deem as satisfied and cancel Carrington's mortgage.  The confirmation entry further directed the clerk to retain the $67,121 balance pending further court order. The confirmation entry's certificate of service indicated it was submitted to Carrington via ordinary mail.

{¶ 5}   Carrington filed a Civ.R. 60(B) motion on November 30, 2017, two months after the confirmation entry lodged.  Therein, Carrington noted the account was current at the time the foreclosure case began.  Carrington further alleged Strawser, the borrower, owed Carrington $95,104.39 plus interest at the rate of 4.375 percent from June 2017 due to her default on the note for the property.  Carrington next asserted relief was proper under the "catch-all" provision found in Civ.R. 60(B)(5), because Carrington was simply moving to protect its interest in its lien and the funds left over after confirmation.  (Def.'s Mot. at 5.)  Carrington argued no prejudice would result should its motion be granted, as the clerk's costs, the property's taxes, and East Pointe's condominium dues had all been paid. Carrington continued by summarily stating its motion was filed within a reasonable time, even though the judgment entry was lodged more than one year prior.   Carrington failed to offer any explanation for the delay.  No opposition was filed.

{¶ 6}   The trial court denied Carrington's Civ.R. 60(B) motion on February 26, 2018. It held Carrington had alleged a meritorious defense via Carrington's status as the

note and mortgage holder for the property. The trial court, however, disagreed with Carrington's contention that the $67,121 funds left over from confirmation were sufficient to invoke Civ.R. 60(B)(5), holding instead that the stated reason—the mere existence of the funds—was not "extraordinary" and did not shift the matter into the requisite "unusual case" realm. (Feb. 26, 2018 Entry at 3.) Lastly, the court rejected Carrington's unsubstantiated claim that the motion was timely, noting that the motion was filed more than one year after the judgment entry lodged and provided no reason for the delay. As such, the trial court denied Carrington's Civ.R. 60(B) motion.

{¶ 7} Two months later, Carrington filed its motion for distribution of sale proceeds in order to partially satisfy the mortgage's $95,104.39 balance, arguing that equity demanded such a result. In support of its motion, Carrington provided the affidavit of Elizabeth Ostermann, a vice president at Carrington. Carrington attached Strawser's note, amended note, mortgage, mortgage assignments, notice of default, FHA face-to-face letter, and payment history to Ostermann's affidavit. The amended note was for $105,287.93 at 4.375 percent interest for a new 30-year term and was dated May 18, 2012, almost 4 years after the original note's date. That indicated Strawser previously defaulted on the note before this foreclosure was initiated.

{¶ 8} Next, Carrington directed the trial court's attention to two cases in support of its requested relief. The first was *Mueller v. Petri*, 1st Dist. No. C-74692 (Nov. 3, 1975). Carrington also cited to *Stidham v. Wallace*, 12th Dist. No. CA2012-10-022, 2013-Ohio-2640. According to Carrington, both of those cases held a first lienholder had an "equitable right to have its lien satisfied despite not initially appearing." (Apr. 11, 2018 Mot. for Distribution of Sale Proceeds.)

{¶ 9} Carrington's motion further acknowledged the judgment entry in this case prevented it from enforcing the mortgage. But, Carrington argued that entry did not prohibit it from enforcing the note. In support, Carrington cited to Ostermann's affidavit establishing its noteholder status, the borrower's default, and the amount due on the note. Carrington asserted the trial court's decision denying its Civ.R. 60(B) motion did not preclude the distribution it now sought because the confirmation entry noted that the remaining funds were to be held pending further court order.

{¶ 10} The trial court's September 27, 2018 decision denying Carrington's motion for distribution finds none of Carrington's grounds in support persuasive. Carrington's present appeal focuses only on that decision.

## II. ASSIGNMENT OF ERROR AND STANDARD OF REVIEW

{¶ 11} Carrington presents the following single assignment for our review:

> The trial court erred in denying Carrington's motion for distribution and failing to distribute excess proceeds from the foreclosure sale to Carrington.

{¶ 12} The underlying matter is a foreclosure action. "A foreclosure action is a civil action in equity." *Third Fed. S. & L. Assn. of Cleveland v. Strong*, 10th Dist. No. 14AP-902, 2015-Ohio-3009, ¶ 13, citing *WesBanco Bank, Inc. v. Ettayem*, 10th Dist. No. 14AP-452, 2015-Ohio-1230, ¶ 28, citing *Chem. Bank v. Neman*, 52 Ohio St.3d 204, 210 (1990). We review equitable claims for an abuse of discretion. *Sandusky Properties v. Aveni*, 15 Ohio St.3d 273, 274-75 (1984). "An abuse of discretion connotes more than an error of law or judgment; rather, it implies that the court has acted either unreasonably, unconscionably, or arbitrarily." *Strong* at ¶ 13, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## III. ANALYSIS

{¶ 13} The trial court denied Carrington's motion for distribution on two grounds. First, the trial court found Carrington's argument that Carrington was entitled to the excess proceeds based on equitable grounds unpersuasive because Carrington's request for the money was based on a note, and was therefore a legal, not an equitable, claim. Second, the trial court held the judgment entry's plain language barred all claims against the property. As such, the trial court treated Carrington's motion as one against the property and denied the motion. Because we find an abuse of discretion present in both bases, we sustain Carrington's single assignment of error and reverse.

### A. The judgment entry does not preclude Carrington's requested relief

{¶ 14} We address the trial court's reasons for denying the motion out of order for analytical fluidity. As noted above, the trial court's second ground for denying Carrington's motion for distribution is that the judgment entry ordered "all" of Carrington's claims "against the premises" barred. (Sept. 27, 2018 Decision at 2.) Carrington, however, is not attempting to proceed against the property. Nor could it. The judgment entry clearly struck

Carrington's lien on the property. As a result, Carrington argues it is moving forward against Strawser based on her alleged default on the note.

{¶ 15} In this instance, we note that in foreclosure cases "the first part of [the mortgagee's] action, concerning the note, is brought according to law and is based in contract * * *." *U.S. Bank Natl. Assn. v. George*, 10th Dist. No. 14AP-817, 2015-Ohio-4957, ¶ 11. The second part is the action on the mortgage which is equitable. Hence, a foreclosure "involves a legal action against the *maker* of a note who has defaulted on payments" and an "equitable action on the mortgage to force a sale of the property based on the lender's secured position." (Emphasis added.) *Deutsche Bank Natl. Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, ¶ 5. According to *Holden,* Carrington is proceeding against Strawser based on the note and not against the property for the mortgage. Because the judgment entry prevents only claims against the property, we find that the trial court erred in holding that the judgment entry barred Carrington's claim against Strawser premised on the note.

## B. The trial court had discretion to utilize equity to consider Carrington's motion

{¶ 16} We turn next to the trial court's primary holding that Carrington has no equitable right to the funds because Carrington's relief sounds in contract, not in equity. Carrington argues that holding is incorrect under two separate cases, and after due consideration, we agree.

{¶ 17} Carrington first directs our attention to *Mueller.* The *Mueller* plaintiff sued defendant homeowners to collect on a judgment. Cincinnati Savings Association ("CSA") was named as a defendant due to its previously recorded mortgage on the property. CSA failed to answer and the trial court entered a default judgment against CSA. The property sold at sheriff's sale. CSA then filed a motion to correct the amount owed to it on the confirmation entry. The trial court granted CSA's motion in the interest of equity. The appellate court affirmed, stating that CSA had an equitable right to have its lien satisfied out of the sale of the property, even though CSA had failed to file a timely answer. In *Mueller*, the appellate court specifically held:

> By virtue of the recorded mortgage, the appellee, Cincinnati Savings Association, as a holder of a first lien on the premises possessed an equitable right to have the lien satisfied out of the judicial sale of the property, even though appellant argues that

> Cincinnati Savings Association did not file a timely answer and should be forever barred from setting up its lien. * * * Cincinnati Savings Association having its lien on the premises in question is entitled to have the proper amount due it listed in the proceedings.

Hence, the appeals court found the presence of, and applied, principles of equity to affirm the trial court's granting CSA's motion to afford CSA full relief despite CSA's default.

{¶ 18} *Mueller* parallels the facts present here. Both Carrington and CSA failed to answer. The two were mortgage holders that each had their mortgages deemed satisfied via default. Neither mortgagee contested the amount due. Carrington and CSA each sought relief post-confirmation on the note. Despite these significant similarities, the trial court declined to apply principles of equity when ruling on Carrington's motion, choosing instead to deem the matter completely legal in nature. Because we find *Mueller's* facts mirror this case and we find *Mueller's* logic compelling, we hold that principles of equity exist in this instance separate and apart from the equity found in mortgage claims such that the trial court could have exercised its discretion and elected to grant Carrington's motion. Thus, because the trial court did not realize equity was present and available to grant Carrington's requested relief, and therefore failed to even consider exercising its discretion, we find the court erred when considering Carrington's motion pursuant only to legal principles.

{¶ 19} Our conclusion in this regard is supported further by Carrington's reliance upon *Stidham v. Wallace*, 12th Dist. No. CA2012-10-022, 2013-Ohio-2640. In that case, the county treasurer instituted a foreclosure action against the Wallaces for an unpaid sewage assessment. Citibank held the first mortgage lien on the property and was therefore named as a defendant. Despite being served, Citibank did not answer. The trial court granted the treasurer judgment, but did not enter default against Citibank. The resultant sheriff's sale was confirmed.

{¶ 20} Citibank lodged a motion for distribution of the surplus proceeds to partially satisfy its mortgage five months later. The trial court granted the motion, and the appeals court affirmed that decision, holding "*[i]n the interest of equity*, Citibank is entitled to the amount remaining on its recorded mortgage from the proceeds of the sheriff's sale and the trial court retains jurisdiction to release funds." (Emphasis added.) *Stidham* at ¶ 11.

{¶ 21} Hence, we conclude the italicized *Stidham* language supports a trial court's decision to exercise its discretion by distributing funds to a mortgage holder even when, as

here, the mortgage has been released, because Carrington provided evidence via Ostermann's affidavit that Carrington is entitled to enforce the note.

{¶ 22} Our adherence to *Mueller* and *Stidham* also serves to remove the inherent arbitrariness found within the decision. To illustrate, the trial court carefully separated the note claim from the mortgage claim when discussing the equitable analysis in that section of its decision. (Sept. 27, 2018 Decision at 1-2.) But yet, in interpreting the effect of the judgment entry on Carrington's requested relief, the trial court treated the note and mortgage claims as one when holding that the judgment entry barred "all claims" "against the premises." (Sept. 27, 2018 Decision at 2.) Our decision today therefore negates that inconsistency by establishing that principles of equity apply under the circumstances presented herein to note-driven, legal claims in foreclosure matters.

{¶ 23} For the reasons stated above, we apply *Mueller* and *Stidham* in reaching our conclusion that the trial court erred in failing to consider whether to exercise its inherent discretion in considering Carrington's motion for distribution of sale proceeds. We therefore reverse the decision, and we remand the matter for the trial court to exercise its discretionary authority over the surplus funds and determine the merit of Carrington's claim to an equitable lien. On remand, we note the record indicates that Strawser was not served in conformance with R.C. 2329.44, which addresses notice to mortgagors of excess foreclosure sale proceeds.[1]

---

[1] The section in R.C. 2329.44 pertinently provides:

> (A) On a sale made pursuant to this chapter, if the officer who makes the sale receives from the sale more money than is necessary to satisfy the writ of execution, with interest and costs, the officer who made the sale shall deliver any balance remaining after satisfying the writ of execution, with interest and costs, to the clerk of the court that issued the writ of execution. The clerk then shall do one of the following:
>
> (1) If the balance is one hundred dollars or more, send to the judgment debtor whose property was the subject of the sale a notice that indicates the amount of the balance, informs the judgment debtor that the judgment debtor is entitled to receive the balance, and sets forth the procedure that the judgment debtor is required to follow to obtain the balance. This notice shall be sent to the judgment debtor at the address of the judgment debtor in the caption on the judgment or at any different address the judgment debtor may have provided, by certified mail, return receipt requested, within ninety days after the sale. If the certified mail envelope is returned with an endorsement showing failure or refusal of delivery, the clerk immediately shall send the judgment debtor, at the address of the judgment debtor in the caption on the judgment or any different address the judgment debtor may

## IV.  CONCLUSION

{¶ 24} Having found that the trial court erred in failing to consider whether to exercise its discretion in reviewing Carrington's motion, we sustain Carrington's single assignment of error, and reverse the decision of the Franklin County Court of Common Pleas and remand for proceedings in conformance with this decision.

*Judgment reversed and cause remanded.*

SADLER and NELSON, JJ., concur.

---

have provided, a similar notice by ordinary mail. If the ordinary mail envelope is returned for any reason, the clerk immediately shall give a similar notice to the judgment debtor by an advertisement in a newspaper published in and of general circulation in the county, which advertisement shall run at least once. The advertisement shall include the case number, the name of the judgment debtor, and information on how to contact the clerk. If the balance remains unclaimed for ninety days following the first date of publication, the clerk shall dispose of the balance in the same manner as unclaimed money is disposed of under sections 2335.34 and 2335.35 of the Revised Code.