[Cite as *Cuyahoga Cty. Treasurer v. Berger Properties of Ohio L.L.C.*, 2021-Ohio-3204.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

TREASURER OF CUYAHOGA COUNTY, OHIO,

      Plaintiff,

      v.

BERGER PROPERTIES OF OHIO, L.L.C.,

      Defendant-Appellant,

and

CHESAPEAKE BANK,

      Defendant-Appellee.

:
:
:
:
:
:
:
:
:
:

No. 110233

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 16, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-908428

---

## *Appearances:*

Miller, Canfield, Paddock and Stone, P.L.C., Nancy A. Valentine, and Scott R. Lesser, *for appellee.*

McCarthy, Lebit, Crystal & Liffman Co., L.P.A., and Nicholas R. Oleski, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Appellant, Berger Properties of Ohio, L.L.C. (hereinafter "Berger Properties"), appeals the trial court's judgment distributing funds from a foreclosure sale to appellee, Chesapeake Bank. Although Chesapeake Bank did not enter an appearance in this foreclosure action until after the sheriff's sale, the trial court was within its discretion to award Chesapeake Bank funds where it held a judgment against Berger Properties.

FACTS AND PROCEDURAL HISTORY

{¶ 2} In 2012, Berger Properties was the record owner of 1851 King James Pkwy., Westlake, Ohio ("the Property"). Berger Properties obtained a loan amounting to approximately $7.9 million from Chesapeake Bank, secured in part by a mortgage and lien on the Property. In 2013, Berger Properties defaulted on the loan, and Chesapeake Bank obtained a judgment against Berger Properties and other defendants in the Circuit Court of Gloucester County, Virginia. That judgment, in excess of $7.8 million, was filed pursuant to R.C. 2329.022 in *Chesapeake Bank v. Alternatives Unlimited, Inc.*, Cuyahoga C.P. No. CV-14-820354.

{¶ 3} In April 2018, the treasurer of Cuyahoga County (hereinafter "the Treasurer") filed a tax foreclosure on the Property. After being served with the complaint, Chesapeake Bank did not answer or otherwise respond. In November 2019, the trial court ordered the Property to be sold. On December 2, 2019, the Property sold for $86,000. Thereafter the trial court ordered that $21,741.69 be

distributed to the Treasurer and $1,484.67 be distributed as costs and fees. The trial court did not finalize the case and instructed the clerk to hold any remaining funds. The Treasurer later moved for supplemental distribution of funds, which motion was granted by the trial court.

{¶ 4} In April 2020, Stuart Berger filed a motion for disbursement of funds on behalf of Berger Properties. That motion was stricken and later refiled by an attorney representing Berger Properties. On October 23, 2020, Chesapeake Bank filed an objection to the motion for distribution and moved the trial court to distribute any remaining funds to it. Chesapeake Bank filed an affidavit with the trial court noting that it had filed its judgment and stating more than $1.6 million was still owed.

{¶ 5} The trial court scheduled further briefing, noting "Chesapeake Bank did not answer the complaint in this case. As a consequence, Chesapeake Bank's lien was extinguished at the time of confirmation of sale." Chesapeake Bank filed a supplemental brief, arguing that although the lien was extinguished, its claim was not. Berger Properties responded, arguing that because Chesapeake Bank had failed to join the case prior to the sale, its right to any proceeds was extinguished.

{¶ 6} The trial court denied Berger Properties' motion to distribute, granted Chesapeake Bank's motion, and ordered the remaining funds in the amount of $61,786.62 to be distributed to Chesapeake Bank. In its order, the trial court noted that Chesapeake Bank no longer held a security interest in the Property, but found:

The Cuyahoga County Court of Appeals has held in similar circumstances that a party who no longer holds a security interest in the property or proceeds of sale may attach the proceeds of a sheriff's sale if that party has or is entitled to a judgment against the former owner and the former owner is otherwise entitled to the sale proceeds. *W. Chateau Condo. Unit Owners Assn. v. Zanders*, (March 25, 2004), Cuyahoga App. No. 83298, 2004-Ohio-1450, ¶ 12.

LAW AND ARGUMENT

A. Assignment of Error

{¶ 7} Berger Properties presents one assignment of error, which reads:

The trial court erred by denying Appellant Berger Properties of Ohio, LLC's motion for distribution of sale proceeds and granting Appellee Chesapeake Bank's motion for distribution.

{¶ 8} Berger Properties makes two arguments in support of its assignment of error: (1) the trial court erred by refusing to honor its demand for payment of excess funds from a sheriff's sale as mandated by R.C. 2923.44, and (2) that equity does not provide for the distribution of the excess funds to Chesapeake Bank where it did not answer the complaint or otherwise exercise the rights on its lien until after the lien was extinguished. Chesapeake Bank argues that although the lien was extinguished by the sheriff's sale, its claim and judgment against Berger Properties was properly recognized and the trial court did not err in distributing the funds.

B. The Trial Court Properly Distributed the Remaining Funds to Chesapeake Bank

1. Standard of Review

{¶ 9} We review a court's decision in a foreclosure action for an abuse of discretion. *Villas at E. Pointe Condominium Assn. v. Strawser*, 2019-Ohio-3554,

142 N.E.3d 1200, ¶ 12 (10th Dist.). "[T]he term 'abuse of discretion' implies that the court's attitude was unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

2.     The Trial Court Was Not Mandated to Distribute Excess Funds Pursuant to R.C. 2923.44

{¶ 10} Berger Properties argues that the trial court was mandated to distribute the excess funds pursuant to R.C. 2329.44. Chesapeake Bank argues that R.C. 2329.44 does not apply to this case, but that R.C. Chapter 5721 applies as it is specific to tax foreclosure proceedings. R.C. 2329.44 provides that, after a sheriff's sale, if excess funds remain, the clerk is to give notice of the funds to the judgment debtor and upon demand and satisfaction of costs "shall pay the balance to the judgment debtor or the judgment debtor's legal representatives." Similarly, R.C. 5721.20 provides that 60 days after a sale, if funds remain, the owner may demand the excess and the treasurer "shall pay such excess to the owner."

{¶ 11} At issue in this case is not the duty of a clerk under R.C. 2923.44 or a treasurer under R.C. 5721.20 to distribute funds, but the authority of the trial court to determine the distribution of the funds after a sheriff's sale. Here, the trial court ordered the clerk to maintain the funds and had not finalized the case. This court has found it proper for a trial court to hold excess money in a foreclosure action and

distribute the money to parties after the sale. *W. Chateau Condominium Unit Owners Assn. v. Zanders*, 8th Dist. Cuyahoga No. 83298, 2004-Ohio-1450; *see also Strawser,* 2019-Ohio-3554, 142 N.E.3d 1200; *Stidham v. Wallace*, 12th Dist. Madison No. CA2o12-1o-022, 2o13-Ohio-2640. As such, Berger Properties' argument that R.C. 2923.44 controls the trial court's distribution of funds is not well taken.

3.    The Trial Court May Distribute Funds to Parties With a Valid Judgment

{¶ 12} Berger Properties argues that the trial court could not distribute the excess funds because (1) any lien on the Property held by Chesapeake Bank was extinguished when the sale occurred, and (2) equity does not allow for a party who does not enter a foreclosure action to collect funds after a sale occurs.

{¶ 13} As to Berger Properties' first argument, the trial court relied on *Zanders* for authority to order the distribution of funds to Chesapeake Bank. In *Zanders*, a condominium association filed a lien against property and thereafter instituted a foreclosure action. *Id.* at ¶ 1-2. After the sheriff's sale, the condominium association filed a second lien seeking fees that had accrued since the action was filed and a motion for distribution of funds asking the court to distribute funds claimed in both liens. The trial court denied the motion in part, awarding only the fees sought in the first lien. *Id.* at ¶ 5. This court reversed that decision and found the trial court erred because the condominium association could enforce a personal judgment, even though its lien was extinguished. *Id.* at ¶ 11-12. Accordingly, the trial court's determination that "a party who no longer holds a security interest in

the property or proceeds of sale may attach the proceeds of a sheriff's sale if that party has or is entitled to a judgment against the former owner and the former owner is otherwise entitled to the sale proceeds" was not error.

{¶ 14} Berger Properties next argues that the trial court should not have distributed any money to Chesapeake Bank because it did not enter the action until after the sale. We note that the better practice would be for a lienholder to answer the complaint in foreclosure to preserve its lien. However, "'it is a well-settled rule of practice that in foreclosure actions claims may be brought in or filed up to the time of distribution, and may share in the proceeds according to priority.'" *Stidham v. Wallace*, 12th Dist. Madison No. CA2012-10-022, 2013-Ohio-2640, ¶ 9, quoting *Farmers S. &. L. Co. v. Robison*, 7th Dist. Mahoning No. 75 C.A. 39, 1976 Ohio App. LEXIS 6137 (Feb. 11, 1976). Similarly, in *Strawser*, a condominium association filed a foreclosure action to recoup monies owed on a property. *Strawser,* 2019-Ohio-3554, 142 N.E.3d 1200. After the sheriff's sale, the mortgage holder entered the case by filing a motion for distribution of the excess funds. *Id.* at ¶ 7-10. The appellate court found that the trial court had discretion to consider equitable interests in distributing excess funds. *Id.* at ¶ 23.

{¶ 15} In this case, although Chesapeake Bank did not enter the foreclosure action until after the sheriff's sale, the trial court could distribute funds based upon a valid judgment or claim. Because Chesapeake Bank filed a judgment with the court, it was within the court's discretion to distribute the excess funds to

Chesapeake Bank based upon that judgment and we cannot say its order to do so was an abuse of discretion.

{¶ 16} Berger Properties' assignment of error is not well taken.

CONCLUSION

{¶ 17} Although Chesapeake Bank failed to join the foreclosure action in which it held a lien, it had filed a judgment against Berger Properties. Because a party with a valid judgment or claim may join a foreclosure action after the sale, the trial court did not abuse its discretion in this case by distributing excess funds to Chesapeake Bank.

{¶ 18} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

ANITA LASTER MAYS, P.J., and
LARRY A. JONES, SR., J., CONCUR