[Cite as *Fidelity Bank, N.A. v. Unknown Heirs of Bowyer*, 2023-Ohio-611.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

FIDELITY BANK, N.A.,                          :

    Plaintiff-Appellant,          :

                                      No. 111553

    v.                            :

UNKNOWN HEIRS AT LAW,                         :
LEGATEES, DEVISEES, NEXT OF KIN
OF KENNETH F. BOWYER, ET AL.,                 :

    Defendants-Appellees.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 2, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-918018

---

### *Appearances:*

Keith D. Weiner & Associates Co., LPA, and Suzana
Pastor, *for appellant*.

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} Plaintiff-appellant, Fidelity Bank, N.A. (the "Bank"), appeals from the trial court's judgment denying its motion for reimbursement of advances, which was filed after confirmation of the sheriff's sale in this foreclosure action. For the reasons that follow, we affirm.

## I. Background

{¶ 2}   The Bank filed a complaint in foreclosure on July 11, 2019, alleging that it was the owner in possession of a promissory note and mortgage, the note was in default, and it was entitled to foreclose on the mortgaged property.  The Bank sought judgment against defendants-appellees in the amount of $71,885.95, with interest at the rate of 2 percent per annum from February 1, 2019.

{¶ 3}   No defendant answered or otherwise objected to the foreclosure.  On September 16, 2020, in a decree of foreclosure, the trial court adopted the magistrate's decision granting default judgment to the Bank and ordering sale of the foreclosed property.  As part of the foreclosure decree, the trial court ordered:

> [T]here may be due Plaintiff additional sums advanced by it under the terms of the note and mortgage to pay real estate taxes, hazard insurance premiums, and property protection, which sums are to be determined by further order.
>
> * * *
>
> [I]f a successful sale occurs, the parties are ordered to file any motions for reimbursement of advances pursuant to R.C. 5301.233 within 21 days from the sale.  A party may move the court to extend this deadline for good cause shown.  No party will be granted reimbursement for advances if such a motion is not filed before this deadline.  Within 7 days from the filing of a motion for reimbursement, a party may file a brief in opposition.  The court will then make a careful examination of the sale pursuant to applicable statutes.

(Foreclosure Decree, ¶ 13, 16.)  The Bank did not appeal the foreclosure decree.

{¶ 4}   The subject property was sold at sheriff's sale on September 27, 2021.  The Bank did not file a motion for reimbursement of advances at any time after the sale, and on December 21, 2021, the trial court issued a confirmation of sale order.

The Bank did not appeal from the order of confirmation. After the distribution of $75,702.80 to the Bank and the payment of sheriff fees, costs, and taxes, there remained $27,196.20 in excess funds from the sale, which the trial court ordered the clerk to hold for costs and/or future order of the court.

{¶ 5} On March 9, 2022, the Bank filed a motion pursuant to R.C. 5301.233[1] for reimbursement of advances through supplemental distribution of the remaining proceeds from the sheriff's sale. The Bank sought payment of $25,995.53 for insurance, taxes, property preservation and maintenance costs it had paid on the foreclosed property during the pendency of the proceedings, as well as unreimbursed court costs and late fees assessed to the account. The trial court denied the Bank's motion, ruling that "[s]ince the sheriff's sale has been confirmed, plaintiff's motion for reimbursement of advances is denied. *U.S. Bank v. Alex* (March 12, 2015), Cuyahoga App. No. 101276, 2015-Ohio-871, paragraph 10 – See also decree of foreclosure, paragraph 16."

{¶ 6} This appeal followed.

## II. Law and Analysis

{¶ 7} In its single assignment of error, the Bank argues that the trial court abused its discretion in denying its motion for reimbursement of advances.

---

[1] R.C. 5301.233 provides that "[i]n addition to any other debt or obligation, a mortgage may secure unpaid balances of advances made with respect to the mortgaged premises for the payment of taxes, assessments, insurance premiums, or costs incurred for the protection of the mortgaged premises, if such mortgage states that it shall secure such unpaid balances. A mortgage complying with this section is a lien on the premises described therein * * *."

{¶ 8} We review a trial court's decision in a foreclosure action for an abuse of discretion. *Treasurer of Cuyahoga Cty. v. Berger Properties of Ohio*, 8th Dist. Cuyahoga No. 110233, 2021-Ohio-3204, ¶ 9. A trial court abuses its discretion only if its decision is unreasonable, arbitrary, or unconscionable. *State ex rel. DiFranco v. S. Euclid*, 144 Ohio St.3d 571, 2015-Ohio-4915, 45 N.E.3d 987, ¶ 13; *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 9} In *CitiMortgage, Inc. v. Roznowski*, 138 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 39, the Supreme Court of Ohio found that foreclosure actions proceed in two stages, each of which ends in a final, appealable judgment: the order of foreclosure and the confirmation of sale. The order of foreclosure determines the extent of each lienholder's interest, sets out the priority of the liens, determines the other rights and responsibilities of each party, and orders the property to be sold by sheriff's sale. *Id.*; R.C. 2323.07. On appeal, parties may challenge the court's decision to grant the decree of foreclosure. *Roznowski* at ¶ 39. Once the foreclosure decree is final and upon completion of the appeals process, the rights and responsibilities of the parties under the foreclosure decree may no longer be challenged. *Id.*

{¶ 10} The confirmation of sale is an ancillary proceeding limited to whether the sheriff's sale conformed to law. *Id.* at ¶ 40. Under R.C. 2329.31(A), if the trial

court, "on careful examination of the proceedings," finds that the sale conformed with R.C. 2329.01 through 2329.61, inclusive, then the court enters an order confirming the sale and orders the dispersal of the proceeds.

{¶ 11} Thus, as noted in *Roznowski*, R.C. 2329.31(A) "requires the court to carefully examine the proceedings to determine the legality of the sale in all respects. *As part of this examination, the court must determine whether the amounts advanced for inspections, appraisals, property protection, and maintenance are accurate.*" *Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, at ¶ 36. (Emphasis added.) This allows the mortgagor an opportunity to challenge these amounts during the confirmation proceedings and to raise the issue on appeal if the mortgagor believes that the amounts the trial court determines are incorrect. *Id.*

{¶ 12} In *US Bank N.A. v. Alex*, 8th Dist. Cuyahoga No. 101276, 2015-Ohio-871, this court explained the effect of the *Roznowski* decision, stating, "[t]he Ohio Supreme Court's decision in *Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.2d 1140, plainly contemplates an opportunity for the mortgagor to contest any ancillary fees *after* the sale occurs and *prior* to the trial court's entry confirming the sale." *Id.* at ¶ 10. (Emphasis sic.) In short, the mortgagee must present its request for reimbursement of advances prior to confirmation of the sale to allow the court an opportunity under R.C. 2329.31(A) to examine the ancillary fees before confirming the sale and the mortgagor an opportunity to contest those fees prior to confirmation and on appeal from the order of confirmation.

{¶ 13} To the extent that the Bank sought a distribution from proceeds of the sale of additional sums it allegedly advanced that were not included in the trial court's foreclosure order, the Bank had the burden of timely submitting evidence establishing that it had advanced the sums for which it sought a supplemental order of distribution, that its recovery of those sums was authorized by R.C. 5301.233 and/or the loan documents, and that the advances fell within the categories of supplemental distributions authorized under the foreclosure decree.

{¶ 14} The Bank failed to meet its burden of timely submitting sufficient evidence supporting its claim for such advances. The trial court ordered the Bank to move for reimbursement of advances within 21 days from the date of sale and ordered that a party would not be granted advances if it failed to comply with the court's deadline. The Bank did not do so. Significantly, the Bank's motion was filed well after the trial court had entered its confirmation of sale.

{¶ 15} This court addressed the issue of whether a court properly denied a motion for reimbursement of advances filed after the court had entered a confirmation of sale order in *OneWest Bank, N.A. v. Unknown Heirs*, 8th Dist. Cuyahoga No. 104503, 2016-Ohio-8159. In *OneWest*, the bank argued that the trial court erred in denying its post-sale motions for supplemental distribution of funds for advances it allegedly made for insurance, appraisals, and reverse mortgage costs. This court found that the trial court properly denied OneWest's original motion for advances for reverse mortgage costs because such advances were not specifically requested by OneWest in its motion. *Id.* at ¶ 22. This court found that the trial court

also properly denied OneWest's second post-sale motion for supplemental distribution of advances, stating, "[a] confirmation of sale order is a final order. Because the sale had already been confirmed at the time OneWest filed its second motion, the trial court properly denied that motion." *Id*. at ¶ 24. We reach the same result here. Because the Bank filed its motion for reimbursement of advances after the trial court entered its confirmation of sale order — the second and last of the final orders appealable in a foreclosure action — the trial court properly denied the Bank's motion.

{¶ 16} The Bank concedes that it filed its motion after the sale had been confirmed but asserts that the trial court erred in denying its motion because there is no deadline under R.C. 2329.44 "for when the judgment debtor must demand payment of excess funds other than that it must be within 90 days of the judgment debtor receiving notice from the clerk of courts." (Appellant's brief, p. 5.) Under R.C. 2329.44, if more funds than necessary to satisfy the writ of execution, plus interest and costs, are received from the sale of the foreclosed property, the clerk is to send notice to the judgment debtor whose property was the subject of the sale advising the judgment debtor that he is entitled to obtain the excess balance. If the certified notice is returned showing failure of delivery, notice shall be sent to the judgment debtor by ordinary mail. If the ordinary mail service is returned for any reason, the clerk is then required to publish a notice to the judgment debtor in a newspaper of general publication in the county. If the balance remains unclaimed for 90 days after the date of the first publication, the clerk shall dispose of the excess

balance in the same way unclaimed money is disposed of under R.C. 2335.34 and 2335.35. R.C. 2329.44 is not applicable to the Bank, however, because *it is not the judgment debtor; it is the mortgagee lender*.

{¶ 17} The Bank also contends that the trial court erred in denying its motion because the court's decision was "contrary to equity" in that it denied the Bank "full relief." Citing *Shesky v. Tyler-Smith*, 118 Ohio Misc.2d 169, 2002-Ohio-2737 (C.P. Marion), the Bank contends that "a party with a judgment retains an equitable interest in the excess proceeds and the only requirement is to demand payment." (Appellant's brief, p. 5.) *Shesky* does not stand for this proposition.

{¶ 18} The issue in *Shesky* was how excess funds from a judicial sale of real estate should be distributed between multiple *judgment debtors* when fewer than all of them made a demand on the clerk for the excess funds. *Id.* at ¶ 8. The court found that "although each *judgment debtor* was in default of answer or other appearance in the original action, each retains an equitable interest in the excess funds" because R.C. 2329.44 requires that if, after sale of the subject property, there is a surplus of money after satisfying the execution, the officer making the sale is required to pay the excess to the judgment debtor. (Emphasis added.) *Id.* at ¶ 9. Nevertheless, the court found that the judgment debtor who failed to demand payment of the excess funds had waived her right to the funds and, therefore, the clerk's responsibility to disburse excess funds under R.C. 2329.44 was limited to those judgment debtors who had responded in the manner required by the statute and according to the procedures set forth in the notice by the clerk to the judgment

debtors. *Id.* at ¶ 13, 16. Because the Bank is not a judgment debtor, *Shesky* does not support the Bank's assertion that it was merely required to demand payment of the excess funds in order for the funds to be disbursed to it.

{¶ 19} The Bank next contends that despite its admitted failure to comply with the trial court's deadline for filing its motion for reimbursement of advances, the trial court erred in denying its motion because, as this court stated in *Berger Properties*, 8th Dist. Cuyahoga No. 110233, 2021-Ohio-3204, "'it is a well-settled rule of practice that in foreclosure actions claims may be brought in or filed up to the time of distribution, and may share in the proceeds according to priority.'" *Id.* at ¶ 14, quoting *Stidham v. Wallace*, 12th Dist. Madison No. CA2012-10-022, 2013-Ohio-2640, ¶ 9, quoting *Farmers S. & L. Co. v. Robison*, 7th Dist. Mahoning No. 75 C.A. 39, 1976 Ohio App. LEXIS 6137 (Feb. 11, 1976).

{¶ 20} But in *Berger Properties*, this rule of practice was applied to a defendant-creditor who defaulted in the foreclosure proceedings but who held a valid and enforceable judgment against the debtor, thus allowing it to share in the proceeds that otherwise would have gone to the judgment debtor. In *Stidham*, the rule was likewise applied to a defendant-lienholder who never answered or responded in the foreclosure proceedings but who asserted its lien after the sheriff's sale. In *Robison*, the rule was applied to a defendant-creditor who intervened in the foreclosure action after the order of foreclosure but prior to the sale of the property. None of the cases involved the facts of this case: a plaintiff-mortgagee who initiated a foreclosure action against the debtor and had its lien satisfied out of the sale of the

property but did not comply with the court's order regarding the timely submission of a request for the reimbursement of advances. Accordingly, we do not find the rule of practice cited by the Bank to be applicable to these facts.

{¶ 21} Finally, the Bank asserts that foreclosure proceedings are equitable in nature and a court of equity has power to afford full relief to all the parties before it. *See Villas at East Pointe Condo. Assn. v. Strawser*, 10th Dist. Franklin No. 18AP-823, 2019-Ohio-3554, ¶ 12 ("A foreclosure action is a civil action in equity.") It contends that because it is "clearly entitled" to the excess proceeds based on the sums it advanced during the pendency of the action and there are no parties other than the Bank with an interest in the money, the trial court abused its discretion in summarily denying its motion without considering the equitable aspects of its request. The Bank contends that, at a minimum, we should reverse the trial court's decision and remand for a hearing on the merits of its motion.

{¶ 22} We do not find the trial court's decision denying the Bank's untimely motion to be unreasonable, arbitrary, or unconscionable. The trial court's foreclosure order recognized, consistent with *Roznowski* and *Alex*, that requests for reimbursement of advances should be made after the sheriff's sale but prior to confirmation of the sale because in order to confirm the sale, the trial court is required to carefully examine all aspects of the sale, including whether the amounts advanced by the lienholder are accurate. Although the Bank contends that the 21-day time period ordered by the trial court for filing such motions is "arbitrary," we find the time period to be an exercise of the trial court's discretion and, moreover,

sufficient time after the sale for a lienholder to file such a motion. Indeed, in its motion, the Bank made no argument that it did not have sufficient time within which to file its motion nor did it offer any explanation as to why its motion was untimely. Likewise, despite its argument on appeal, it made no argument that the trial court should consider the equities of its motion despite its untimeliness. It is well-settled that a party may not raise new issues and legal theories on appeal. *Stores Realty Co. v. Cleveland*, 41 Ohio St.2d 41, 43, 322 N.E.2d 629 (1975).

{¶ 23} Contrary to the Bank's assertion, the trial court did not abuse its discretion in denying the Bank's untimely motion for reimbursement of advances. The Bank's assignment of error is therefore overruled.

{¶ 24} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
LISA B. FORBES, J., CONCUR