[Cite as *Bank of New York Mellon Trust Co. v. Unknown Successor Trustee(s) of the Talmage*, 2024-Ohio-2457.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

|  |  |  |
|---|---|---|
| BANK OF NEW YORK MELLON TRUST COMPANY, N.A., | : | |
| | : | |
| Plaintiff-Appellant, | | |
| | : | No. 113081 |
| v. | | |
| | : | |
| UNKNOWN SUCCESSOR TRUSTEE(S) OF THE TALMAGE, ET AL., | : | |
| | | |
| Defendants-Appellees. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED, VACATED, AND REMANDED
**RELEASED AND JOURNALIZED:** June 27, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-952023

---

### *Appearances:*

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, and Brian S. Jackson, *for appellant*.

Carson Law Firm LLC, and Christian E. Carson, *for appellee* Jean Hribar, Co-Trustee of the Talmage Family Trust.

LISA B. FORBES, J.:

{¶ 1} Bank of New York Mellon Trust Company, N.A. as Trustee for Mortgage Assets Management Series I Trust ("BONY") appeals the trial court's entry

granting in part and denying in part its Civ.R. 60(B) motion for relief from judgment. After reviewing the facts of the case and the pertinent law, we reverse the trial court's decision.

## I. Facts and Procedural History

{¶ 2} On August 23, 2021, BONY filed a complaint for foreclosure, in rem, against a property located at 1409 Zaremba Dr., Brook Park, Ohio 44142 (the "Property"), alleging that it was due "the principal balance of $89,963.20, plus interest, as of July 3, 2021." BONY further alleged that based on the terms of the note "all advances are added to the loan balance . . . . [A]s such, the principal balance continues to grow due to monthly servicing fees, mortgage insurance premiums, and other costs set forth under the terms of the note and mortgage."

{¶ 3} BONY filed for default judgment on January 4, 2022. The same day, BONY separately filed an affidavit of Carlene Reid ("Reid Affidavit"). The Reid Affidavit stated that the total amount due upon the note and mortgage was $137,531.63, which included "corporate loan advances" totaling $14,693.84. On March 10, 2022, the trial court granted BONY default judgment (the "Foreclosure Order") and found, in pertinent part, as follows:

> Judgment is rendered in favor of [BONY] in the sum of $137,531.63, as of November 30, 2021, plus interest, court costs, advances, and other charges allowed by the Note, Mortgage, and Ohio Law.
>
> . . .
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there may be due [BONY] additional sums advanced by it under the terms of the note and mortgage to pay real estate taxes, hazard insurance

premiums, and property protection, which sums are to be determined by further Order.

. . .

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that if a successful sale occurs, the parties are ordered to file any motions for reimbursement of advances pursuant to R.C. §5301.233 within 21 days from the sale. A party may move the court to extend this deadline for good cause shown. No party will be granted reimbursement for advances if such a motion is not filed before this deadline.

{¶ 4} The Property sold on May 3, 2022, for $173,700.00. The trial court journalized a confirmation entry (the "Confirmation Entry") on May 17, 2022.

{¶ 5} On December 20, 2022, BONY filed a motion to amend the trial court's May 17, 2022 Confirmation Entry pursuant to Civ.R. 60(B). In its motion, BONY requested additional advances and interest totaling $142,252.87.

{¶ 6} On June 5, 2023, the magistrate issued a decision granting in part and denying in part BONY's Civ.R. 60(B) motion. The magistrate's decision stated that BONY's "advances will not be included in any distribution of funds it may receive as [BONY] failed to timely apply to the Court for reimbursement of its advances" per the trial court's Foreclosure Order. The magistrate ordered "the Cuyahoga County Sheriff [to] distribute proceeds he currently holds, in the sum of $109,922.22." In doing so the magistrate awarded BONY a lesser amount than what the trial court had awarded in its earlier Foreclosure Order.

{¶ 7} BONY filed timely objections to the magistrate's decision, arguing the magistrate erred when it decreased the amount BONY was previously awarded in the Foreclosure Order.

**{¶ 8}** The trial court overruled BONY's objections and adopted the magistrate's decision on July 13, 2023. In its journal entry, the court found that BONY's "motion to amend confirmation entry . . . sought to have the court's May 17, 2022 confirmation decree amended to reflect amounts advanced by [BONY] before and during this case. Plaintiff's request for advances was, however, untimely," citing *Fid. Bank, N.A. v. Unknown Heirs at Law*, 2023-Ohio-611, ¶ 4 (8th Dist.).

**{¶ 9}** It is from this order that BONY appeals, raising the following assignment of error:

> The Trial Court erred in the Judgment Entry Overruling Plaintiff's Objections To, And Adopting Magistrate's Decision On, Plaintiff's Motion to Amend Confirmation Entry Pursuant to Civ.R. 60(B) by improperly removing advances from the in rem judgment granted in favor of Appellant in the Order and Entry Adopting Magistrate's Decision entered on March 10, 2022.

## II. Law and Analysis

### A. Trial Court's Improperly Amended Foreclosure Entry

**{¶ 10}** On appeal, BONY argues that the trial court erred when it "improperly amended the [Foreclosure Entry] to prohibit any distribution of advancements for which judgment had already been entered." We agree.

**{¶ 11}** A trial court may not modify a final order without a source of jurisdiction. *Maxwell v. Univ. Hosps. Health Sys.*, 2016-Ohio-7401, ¶ 5 (8th Dist.). "As a general rule, a trial court has no authority to vacate or modify its final orders sua sponte." *N. Shore Auto Fin., Inc. v. Valentine*, 2008-Ohio-4611, ¶ 12 (8th Dist.). Since the adoption of the Civil Rules, Civ.R. 60(B) provides the exclusive means for

a trial court to vacate or modify a final judgment. *Dickerson v. Cleveland Metro. Hous. Auth.*, 2011-Ohio-6437, ¶ 7 (8th Dist.).

{¶ 12} This court has held that a trial court commits error when it sua sponte vacates or modifies its own final orders when there is no evidence that the judgment was void or subject to a Civ.R. 60(B) order. *Chomor v. Euclid Clinic Found.*, 1992 Ohio App. LEXIS 1756, *4-5 (8th Dist. Apr. 2, 1992), citing *Dickerson* at ¶ 7. *See also Perozeni v. Perozeni*, 2023-Ohio-1140, ¶ 17 (8th Dist.).

{¶ 13} In *BAC Home Loans Servicing, LP v. Henderson*, 2013-Ohio-275, ¶ 10-11 (8th Dist.), this court held that because neither party filed a Civ.R. 60(B) motion for relief from judgment nor asked the court to vacate any provision from the court's judgment, the trial court erred by sua sponte vacating its judgment of foreclosure. Similarly, in *In re D.R.M.*, 2012-Ohio-5422, ¶ 8 (8th Dist.), this court held that neither party filed a Civ.R. 60(B) motion for relief from judgment nor asked the court to vacate any provision of the court's judgment and, as such, the trial court erred by sua sponte vacating its judgment.

{¶ 14} In this case, the trial court's Foreclosure Entry was a final judgment that ordered $137,531.63 be distributed to BONY from the foreclosure sale. The Foreclosure Entry is itself a final appealable order. *Fid. Bank, N.A.*, 2023-Ohio-611, at ¶ 9 (8th Dist.), citing *CitiMortgage, Inc. v. Roznowski*, 2014-Ohio-1984, ¶ 39 ("Once the order of foreclosure is final and the appeals process has been completed, all rights and responsibilities of the parties have been determined and can no longer be challenged."). Neither party argued and there is no evidence or indication from

the record that the Foreclosure Entry is void. Further, no one appealed the Foreclosure Entry.

{¶ 15} Similarly, no party filed a Civ.R. 60(B) motion to modify the Foreclosure Entry. BONY's Civ.R.60(B) motion specifically requested modification only of the court's Confirmation Entry. Here, the trial court granted in part BONY's Civ.R. 60(B) motion and then sua sponte modified its Foreclosure Entry to change the amount awarded to BONY from the foreclosure sale from $137,531.63 to $109,922.22. Under these circumstances, the trial court was without authority to sua sponte modify its Foreclosure Entry to change the judgment awarded to BONY. *See Chomor*, 1992 Ohio App. LEXIS 1756, at *4-5 (8th Dist.), citing *Dickerson*, 2011-Ohio-6437, at ¶ 7 (8th Dist.).

{¶ 16} Accordingly, we find that the trial court erred when it sua sponte modified its Foreclosure Entry to lower the judgment awarded to BONY. *Chomor* at *4-5. The Foreclosure Entry was final and appealable once it was entered on May 17, 2022. *Fid. Bank, N.A.* at ¶ 9. Therefore, the court had no jurisdiction to modify the amount awarded to BONY pursuant to BONY's 60(B) motion, which was the only requested modification of the trial court's Confirmation Entry. *In re D.R.M.*, 2012-Ohio-5422, at ¶ 8 (8th Dist.).

{¶ 17} BONY's assignment of error is sustained.

{¶ 18} Judgment reversed. Journal entry is vacated and case is remanded to the trial court to issue a new journal entry consistent with this opinion.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

MARY EILEEN KILBANE, P.J., and
ANITA LASTER MAYS, J., CONCUR